**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Antonio ORTEGA–RODRIGUEZ,
Defendant–Appellant.**

**No. 91–5083.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 10, 1994.

---

James R. Gailey, Federal Public Defender, Stewart G. Abrams, Asst. Federal Public Defender, Miami, FL, for defendant-appellant.

Linda Collins Hertz, Dawn Bowen, U.S. Attys., Miami, FL, for plaintiff-appellee.

Before DYER, FAY* and SMITH ** Senior Circuit Judges.

* *See* Rule 34.2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. In *Mieres–Borges*, this Court affirmed defendant Mieres–Borges' conviction and reversed defendant Becerra–Flores' conviction based on in-

FAY, Senior Circuit Judge:

We hear this appeal on remand from *Ortega–Rodriguez v. United States,* —— U.S. ——, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). Because we find that Jose Antonio Ortega–Rodriguez' ("Ortega–Rodriguez") former fugitive status neither unduly prejudiced the government nor significantly interfered with the appellate process, we DENY the government's motion to dismiss the appeal and REVERSE the appellant's conviction.

## I. FACTS

On March 24, 1989, Ortega–Rodriguez and two co-defendants were convicted of possession with intent to distribute, and conspiring to possess with intent to distribute, over five kilograms of cocaine. The district court set sentencing for June 15, 1989. Ortega–Rodriguez failed to appear and the district court sentenced him, *in absentia,* to 19 years and 7 months to be followed by 5 years of supervised release. The two co-defendants immediately appealed their convictions. Because Ortega–Rodriguez was a fugitive, he did not file a notice of appeal at that time.

Based on Ortega–Rodriguez' flight, the district court issued an arrest warrant. The defendant was apprehended approximately 11 months later at which time he was indicted and found guilty of contempt of court and failure to appear. The district court imposed a 21 month sentence followed by 3 years of supervised release for the fugitive convictions. That sentence was to be served consecutively to the sentences imposed for the cocaine offenses. This Court heard the two co-defendants' appeals while Ortega–Rodriguez was under indictment for contempt of court and failure to appear. *See United States v. Mieres–Borges,* 919 F.2d 652 (11th Cir.1990), *cert. denied,* 499 U.S. 980, 111 S.Ct. 1633, 113 L.Ed.2d 728 (1991).[1]

sufficient evidence. The appellant here argues, and the government concedes, that the evidence against him was almost identical to that the government had against Becerra–Flores. The only distinction was that Becerra–Flores owned the vessel upon which the alleged trafficking took place. Accordingly, the appellant argues that if we reach the merits of his case, a reversal is warranted under *Mieres–Borges*.

After the appellant was apprehended, his attorney filed a motion for judgment of acquittal and a motion to vacate and resentence on the cocaine convictions. The district court denied the motion for judgment of acquittal but granted the motion to vacate and resentence[2] and imposed a new sentence of 15 years and 8 months to be followed by 5 years of supervised release. Ortega–Rodriguez filed a timely notice of appeal from that sentence.[3]

The government responded to the notice of appeal by filing a motion to dismiss under the fugitive dismissal rule enunciated in *United States v. Holmes,* 680 F.2d 1372 (11th Cir.1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983). We granted the government's motion to dismiss in a *per curiam* order. The Supreme Court granted Ortega–Rodriguez' petition for certiorari, vacated this Court's order, and remanded the case for further consideration. *Ortega–Rodriguez,* —— U.S. at ——, 113 S.Ct. at 1210.

## II. DISCUSSION

### 1. The Test

In *Holmes,* this Court held that "a defendant who flees after conviction, but before sentencing, waives his right to appeal from the conviction unless he can establish that his absence was due to matters completely beyond his control." *Holmes,* 680 F.2d at 1373.

2. The basis of the motion was that: (1) the court never asked the defendant whether he had the opportunity to review the PSI; (2) the defendant was absent and could not address the court on his own behalf to provide mitigating factors; and (3) the court did not inform the defendant of his appellate rights. (R–1–104). It is not entirely clear from the order why the district court granted the appellant's motion to vacate and resentence.

3. It is worth noting that if, after capture of a fugitive, a district court vacates the sentence and resentences the defendant, it essentially reinstates the right to appeal which has usually been lost by the defendant's failure to file a timely notice of appeal from the original sentence.

4. The *Molinaro* decision established the "disentitlement" theory which allows for dismissal of an appeal when the defendant becomes a fugitive during the ongoing appellate process. The Court elaborated on the rationale behind the rule:

This rule became known as the "automatic dismissal" rule.

In *Ortega–Rodriguez,* the Supreme Court held that in *Holmes,* this Court overextended the rationales for dismissal espoused in *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970),[4] and *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975).[5] *Ortega–Rodriguez,* —— U.S. at ——, 113 S.Ct. at 1205. The Court expressed a strong concern regarding the absence of the exercise of discretion when applying the automatic dismissal rule to former fugitives' appeals. *Id.* Accordingly, it is now our task to fashion a new test to apply when considering whether a former fugitive has lost his or her right to appeal.

■ The Supreme Court directs us to focus on the "connection between a defendant's fugitive status and the appellate process, sufficient to make an appellate sanction a reasonable response." *Id.* at ——, 113 S.Ct. at 1205–06. We see two areas where such a connection could repeatedly arise and pattern our test accordingly. We hold that this Court should dismiss a former fugitive's appeal unless the defendant can show that: (1) granting the appeal is not likely to result in an undue burden on the government; and (2) the defendant's flight has not resulted in nor will not result in significant interference with the operation of the judicial process in either the district court or the appellate court.

No pervasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. *Molinaro,* 396 U.S. at 366, 90 S.Ct. at 498.

5. In *Estelle,* the Court upheld a Texas statute providing for the automatic dismissal of an appeal if a defendant escapes during the pendency of the appeal and does not voluntarily return within ten days. The Court held that the statute "promote[d] the efficient, dignified operation of the Texas Court of Criminal Appeals" because it had a deterrent effect, encouraged voluntary surrender, and sought to avoid disruption of the appellate process. *Estelle,* 420 U.S. at 537, 95 S.Ct. at 1175.

In analyzing whether the defendant has met his or her burden we will consider several factors.[6] When examining the first prong, this Court should consider the availability of evidence and witnesses in the event of remand for a new trial.[7] Furthermore, the complexity of proof of the substantive crime is a relevant consideration. Finally, we should consider any burden the government undergoes as a result of the appellate process itself.

A factor relevant to the second prong is the duplication of appellate efforts. If a new panel of this Court is required to read briefs, examine the record and hear oral argument when the former fugitive's appeal would have been consolidated with those of co-defendants but for the defendant's fugitive status, interference of a significant nature is involved justifying the sanction of dismissal. *See, e.g., United States v. Reese*, 993 F.2d 254, 256 (D.C.Cir.1993) (following *Ortega–Rodriguez* and holding that fugitive status which precludes consolidation of appeal with that of co-defendant warrants dismissal because repetition inherently disrupts appellate process).

### 2. The Present Case

We now turn to the facts of the present appeal to determine if the defendant could satisfy the two prong test in light of the factors noted above. First, the defendant must show that granting the appeal will not result in any undue burden to the government. Here, the government conceded that if we reached the merits of the case, we should reverse Ortega–Rodriguez' conviction because he had no more involvement in the conspiracy than did Becerra–Flores whose conviction was reversed for insufficiency of the evidence. *Mieres–Borges*, 919 F.2d at 660. Accordingly, on the facts of this case, it

is clear that the government will suffer no undue burden if we grant the appeal.

Second, the defendant must show that granting the appeal will not result in significant interference with operation of the appellate process. Here, the government's concession also relieves us of any potential interference with the appellate process. Because the government conceded that Ortega–Rodriguez' involvement is factually limited to that of Becerra–Flores, we have no further review to conduct and summarily reverse Ortega–Rodriguez' conviction under *Mieres–Borges. Id.*[8]

### III.   CONCLUSION

For the above reasons, we DENY the government's motion to dismiss the appeal and REVERSE Ortega–Rodriguez' conviction on both counts based on insufficient evidence.

---

6. These factors are not intended to be an exhaustive list of what we deem important to the inquiry. Rather, they are threshold considerations that are likely to appear on a recurring basis.

7. We acknowledge that, as here, in a case of insufficiency of the evidence, the government will never be unduly burdened because in the event of a reversal the conviction is merely vacated and the government is not required to do anything after our decision. However, in such a case, the defendant must still show that his or her appeal

will not significantly interfere with the appellate process.

8. Based upon the prosecution's concession in this matter and in accord with the mandate of the Supreme Court, our review of this case is greatly simplified. While it may seem to result in a windfall to the appellant, we appreciate and applaud the candor of the United States Attorney. Such action is in accord with the highest traditions of the law and attorneys functioning as officers of the court.