United States Court of Appeals,

Eleventh Circuit.

No. 95-3273.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kelvin DAVENPORT, a.k.a. Poat, Defendant-Appellant.

Aug. 25, 1998.

Appeal from the United States District Court for the Northern District of Florida. (No. 94-03135-13/LAC), Lacey A. Collier, Judge.

Before TJOFLAT, BIRCH and MARCUS*, Circuit Judges.

MARCUS, Circuit Judge:

Appellant Davenport was sentenced in the United States District Court for the Northern District of Florida after pleading guilty to a charge of conspiracy to possess with intent to distribute cocaine. The issue on appeal is whether or not the district court erred in refusing to grant Davenport's Motion to Continue Sentencing where his escape from custody and subsequent arrest left him with only three hours to review his Presentence Investigation Report ("PSI") prior to his sentencing hearing. Davenport contends that he was denied his statutory right under 18 U.S.C. § 3552 to receive the PSI at least ten days prior to the sentencing. The government argues that it met its statutory obligation by disclosing the PSI to Davenport's counsel twenty-two days prior to sentencing. The district court denied the motion for a continuance, implying that Davenport waived

---

*Honorable Stanley Marcus was a U.S. District Judge for the Southern District of Florida sitting by designation as a member of this panel when this appeal was argued and taken under submission. On November 24, 1997, he took the oath of office as a United States Circuit Judge of the Eleventh Circuit.

the ten-day requirement by absconding. We disagree and therefore vacate and remand to the district court for resentencing.

I.

Davenport was indicted on a charge of conspiracy to possess cocaine with intent to distribute on May 17, 1995, in violation of 21 U.S.C. § 846, and he pled not guilty on June 2, 1995. He was rearraigned on June 30, 1995, at which time he pled guilty to the charge and was released on a signature bond, receiving a sentencing date of September 12, 1995. He then absconded, leading the district court to issue a warrant for his arrest on July 17, 1995. On August 21, 1995, the probation officer assigned to the case delivered a thirty-three-page PSI to Davenport's attorney. On September 8, 1995, defense counsel filed a motion to continue the sentencing on the ground that he was not in contact with his client and therefore could not properly review the PSI with the Defendant. Three days later, on September 11, 1995, Davenport was apprehended and arrested. The next morning, on September 12, 1995, Davenport had three hours to review the PSI with his attorney prior to sentencing. At the sentencing hearing that same day, defense counsel moved for continuance on the ground that Davenport needed additional time to review the PSI. The district court denied the motion to continue, observing that any deficiency in the amount of time that Davenport had to review the PSI was "certainly attributable to Mr. Davenport and his conduct for absconding and failing to be in touch with anyone or report or respond as he was directed." The court then sentenced Davenport to the custody of the Bureau of Prisons for 264 months, to be followed by a five-year period of supervised release and a special monetary assessment of $50.00.

II.

We review the legality of a criminal sentence *de novo*.[1] *See United States v. Tamayo,* 80 F.3d 1514, 1518 (11th Cir.1996). Title 18, section 3552(d) of the United States Code unambiguously provides a criminal defendant with at least ten days in which to review his PSI before sentencing:

> The court shall assure that a[PSI] is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing, unless this minimum period is waived by the defendant.

Davenport asserts that the district court violated this provision by denying his motion to continue where he had only been able to review his PSI for three hours prior to sentencing.[2] The government responds that it complied with its statutory obligation to disclose the PSI to the defendant at least ten days prior to sentencing because the probation officer provided it to Davenport's counsel twenty-two days before sentencing.

---

[1]Although we generally review a district court's ruling on a continuance for abuse of discretion, *see United States v. Garmany,* 762 F.2d 929, 936 (11th Cir.1985), we review the present case *de novo* because Davenport's challenge of the denial is, in essence, a challenge of the court's finding that he waived his right to review his PSI ten days before sentencing under § 3552(d). In other words, the issue before us is not whether or not the district court exceeded its discretion in denying the continuance; a district court plainly lacks the discretion to reduce the amount of time that a defendant has to review his PSI. Rather, the issue is whether or not Davenport waived his right to review his PSI ten days prior to sentencing. This is a question of law subject to *de novo* review. Even if we did review the court's denial for abuse of discretion, however, we would reach the same result. Because we find that flight does not constitute waiver of the right to review a PSI ten days prior to sentencing, *see* discussion *infra,* the district court abused its discretion in denying the continuance.

[2]Davenport also claims that he was entitled to receive his PSI at least ten days prior to his sentencing under Federal Rule of Criminal Procedure 32(a)(1)(A), a provision that does not exist. He has not alleged a violation of Rule 32(b)(6)(A), which requires the probation officer to furnish the PSI to the defendant at least thirty-five days before the sentencing hearing unless the defendant waives this minimum period, nor has he claimed a violation of Rule 32(c)(3)(A), which requires a court before imposing sentence to "verify that the defendant and defendant's counsel have read and discussed the presentence report made available under subdivision (b)(6)(A)."

The plain language of § 3552(d) requires the court to assure that the PSI is disclosed to both defense counsel *and* the defendant at least ten days prior to sentencing unless the defendant waives this provision. Thus, the government's disclosure of the PSI to defense counsel alone twenty-two days prior to sentencing did not satisfy the mandate of § 3552(d). The district court, however, implied that Davenport waived the ten-day requirement by fleeing.

We have not previously had the opportunity to reach the issue of whether or not a defendant who absconds prior to sentencing retains the statutory right to a ten-day period to review the PSI prior to sentencing under § 3552(d).[3] Plainly, the purpose of the ten-day requirement is to ensure accuracy and fairness in sentencing by allowing the defendant adequate time to review and verify the information contained in the PSI prior to sentencing. While the statute allows a defendant to relinquish this right, such a relinquishment must be knowing and voluntary. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)("A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."). Generally, to ensure that waiver of a constitutional or a significant statutory right is knowing and voluntary, the district court must explicitly question the defendant about his understanding of his decision unless it is manifestly clear from the record that the defendant fully understands the significance of the waiver. *See, e.g., United States v. Bushert,* 997 F.2d 1343, 1351-52 (11th Cir.1993)(waiver of right to appeal); *Fitzpatrick v. Wainwright,* 800 F.2d 1057, 1065 (11th Cir.1986)(waiver of right to counsel). A defendant's

---

[3]In *United States v. Metallo,* 908 F.2d 795 (11th Cir.1990), we held that Defendant Metallo's receipt of his PSI three days prior to sentencing afforded him a reasonable time to read the PSI and to prepare for sentencing where there was evidence that he and his counsel were aware of the contents of the PSI, had discussed it, and were well-prepared to counter the information contained therein and to submit new information. This decision, however, is distinguishable from the instant case because Metallo committed his offenses prior to 1987, so 18 U.S.C. § 3552(d) did not apply.

4

flight is not a manifestly clear indication of a knowing and voluntary relinquishment of the statutory right to review a PSI. Notably here the district court did not find that Davenport knowingly and voluntarily waived his right to review the PSI, but rather implied that he forfeited that right by absconding.[4] We see no reason to read such a forfeiture penalty into the statute. Other means exist both to deter and to punish flight. Indeed, the court may take flight into consideration in sentencing by increasing the defendant's sentence, or a defendant may be charged with contempt of court, *see* 18 U.S.C. § 401(3), failure to appear, *see* 18 U.S.C. § 3146, or escape, *see* 18 U.S.C. § 751.

In the only other appellate court decision on point, the Seventh Circuit agreed that flight does not constitute waiver of the ten-day requirement:

> We are not persuaded that fleeing the jurisdiction constitutes waiver for the purposes of the Rule and § 3352(d).... Fleeing the jurisdiction may subject a defendant to a host of additional penalties, but an inadequate amount of time to review a PSI is not one of them. [Defendant] will have to be resentenced and, so long as he does nothing to waive his statutory right to examine the PSI this time, he shall have ten days to review the report before sentencing.

*United States v. Edwards,* 945 F.2d 1387, 1403 (7th Cir.1991). Moreover, in an analogous situation, we have found that flight does not constitute waiver of a defendant's right to a speedy trial. *See United States v. Studnicka,* 777 F.2d 652, 657 n. 16 (11th Cir.1985). Instead, the time period in which the government must try the defendant simply restarts upon his recapture. *See id.* Furthermore, we have found that flight does not constitute waiver of a defendant's right to appeal if he can show that "(1) granting the appeal is not likely to result in an undue burden on the government; and (2) the defendant's flight has not resulted in nor will not result in significant

---

[4]"Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right.' " *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)(quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)) (citations omitted).

interference with the operation of the judicial process." *United States v. Ortega-Rodriguez,* 13 F.3d 1474, 1476 (11th Cir.1994). In the present situation, a continuance of ten days to allow a defendant an adequate opportunity to review his PSI would neither unduly burden the government nor significantly interfere with the judicial process.

In sum, we conclude that a defendant does not waive his right to review his PSI at least ten days prior to sentencing solely by absconding. The district court erred in denying Davenport's motion for a continuance, the sentence must be VACATED, and the cause is REMANDED to the district court for re-sentencing.