PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29 2000
THOMAS K. KAHN
CLERK

------------------------------------------

No. 98-9616

------------------------------------------

D. C. Docket No. 96-00010-3-CR-1-HL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERWIN G. JORDAN,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
-------------------------------------------------------------------

**(June 29, 2000)**

Before EDMONDSON, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Defendant Erwin Jordan appeals his sentence of 300 months' imprisonment. The sentence was imposed <u>in absentia</u> after he pleaded guilty to possession with intent to distribute cocaine and then ran away. Because we see no reversible error, we affirm.

BACKGROUND

Defendant was indicted for conspiracy to possess with intent to distribute cocaine base and he pleaded guilty. The initial pre-sentencing investigation report (PSI) was provided to Defendant in July 1998. Defendant reviewed and filed objections to the PSI in August 1998. After Defendant's objections were incorporated into a PSI addendum, sentencing was scheduled to be held on 10 September 1998. In September 1998, Defendant's counsel was notified by the Supervising United States Probation Officer that sentencing had been rescheduled for 10 December 1998.

In October 1998, the government moved to revoke Defendant's release pending sentencing and also moved for the issuance of a bench warrant: the government believed that Defendant was still dealing drugs while on presentence

2

release.  A warrant was issued, and Defendant was arrested.  While being transported to jail, Defendant escaped.   Defendant was still at large two months later when his sentencing hearing was held as scheduled.

After Defendant escaped, his PSI was revised to recommend that Defendant be denied an adjustment for acceptance of responsibility due to his continuing to engage in criminal conduct while on presentence release and due to his escape.[1] The revised PSI also recommended that Defendant be given a two-level upward adjustment for obstructing justice by escaping.  Although Defendant's counsel reviewed and objected to the changes in the revised PSI, Defendant -- due to his having escaped -- did not personally review the revisions to the PSI. Counsel's objections were recorded in a PSI addendum.

On 10 December 1998, the district court held the sentencing hearing as scheduled.  Defendant was still at large and was not present at sentencing. Although Defendant's attorney moved for a continuance and objected to the court's conducting the sentencing without Defendant's having had ten days to review the revisions to the PSI and the addendum (as set out in 18 U.S.C. § 3552), the district court overruled the objection and -- pursuant to Rule 43 of the Federal

---

[1]At sentencing, the government abandoned its argument that Defendant be denied an adjustment for acceptance of responsibility due to his continuing to engage in criminal conduct and relied only on Defendant's escape to justify the denial.

Rules of Criminal Procedure -- sentenced Defendant in absentia to 300 months' imprisonment and five years' supervised release. In doing so, the court accepted the recommendations in the revised PSI and the government's arguments at sentencing that Defendant -- due to his escape -- be denied an adjustment for acceptance of responsibility and that he receive an adjustment for obstruction of justice.

Defendant was apprehended on 17 December 1998 and is now incarcerated.

## DISCUSSION

We review both the legality of a criminal sentence and the issue of whether Defendant waived his right to review the revisions to his PSI de novo. See United States v. Davenport, 151 F.3d 1325, 1327-28 & n.1 (11th Cir. 1998).

Under Rule 43 of the Federal Rules of Criminal Procedure,[2] Defendant could properly be sentenced in absentia. Rule 43 says that, in a noncapital case, if a defendant has pleaded guilty and is then voluntarily absent at sentencing, the further progress of the proceedings will not be hindered and that the defendant will be considered to have waived the right to be present at sentencing. According to the advisory committee notes, Rule 43 was amended in 1995 to "make clear that a defendant...who has entered a plea of guilty...but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia." The advisory committee notes also say that "[t]he Committee envisions that defense counsel will continue to represent the interests of the defendant at sentencing."

In this case, Defendant pleaded guilty. And, Defendant was absent from sentencing. The date for sentencing had been set and Defendant's attorney had been notified of the date before Defendant's flight. The district court, by sentencing defendant pursuant to Rule 43, made an implicit factual finding that the

---

[2]Rule 43 (Presence of the Defendant) says:
    (a) Presence required. The defendant shall be present...at every stage of the trial including...the imposition of sentence, except as otherwise provided by this rule.
    (b) Continued presence not required. The further progress of the trial to and including...the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, or having pleaded guilty or nolo contendere,

        (2) in a noncapital case, is voluntarily absent at the imposition of sentence[.]

Defendant was voluntarily absent from sentencing. This finding is not challenged on appeal and, in any event, is not clearly erroneous. Cf. United States v. DePace, 120 F.3d 233, 236 (11th Cir. 1997) (stating that the district court made an implicit factual finding that the requirements of Rule 11 were satisfied when it accepted defendants' guilty pleas and that the finding is reviewed for clear error). Defendant was represented by counsel at sentencing. Under Rule 43, then, Defendant waived his right to be present at sentencing and he was properly sentenced in absentia.

On appeal, however, Defendant argues that the district court erred by sentencing him without giving him ten days to review the revisions of his PSI as set forth in 18 U.S.C. § 3552(d).

Section 3552(d) says:

The court shall assure that a report filed pursuant to this section [PSI] is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date for sentencing, unless this minimum period is waived by the defendant.

The question thus raised by Defendant is whether the court's finding that Defendant was voluntarily absent from sentencing and had thus waived his right to be present at sentencing also means that Defendant waived his right to review the revisions to his PSI.

6

Defendant, however, cites United States v. Davenport, 151 F.3d 1325 (11th Cir. 1998), and argues that -- notwithstanding his flight and voluntary absence from sentencing and the court's finding that he had waived his right to be present at sentencing -- he has not waived the right to review the revisions to his PSI. We disagree.

In Davenport, the defendant pleaded guilty and then, prior to receiving his PSI, bolted. The day before sentencing, the defendant was apprehended, and he had only three hours to review the PSI with his attorney. At sentencing, the defendant moved for a continuance, which the district court denied after observing that the lack of time available for the defendant to review the PSI was due to his having absconded. See id. at 1327.

On appeal, we said that a waiver of the right to have ten days to review a PSI must be knowing and voluntary. See generally Johnson v. Zerbst, 58 S. Ct. 1019 (1938). In reversing the district court's sentence and remanding for resentencing, we wrote that "[a] defendant's flight is not a manifestly clear indication of a knowing and voluntary relinquishment of the statutory right to review a PSI." Davenport, 151 F.3d at 1328. We concluded by saying that "a defendant does not waive his right to review his PSI at least ten days prior to sentencing solely by absconding." Davenport, 151 F.3d at 1329 (emphasis added).

7

Contrary to Defendant's arguments, we do not think that <u>Davenport</u> controls this case. Moreover, what was written in <u>Davenport</u> must be read in the context of the case then before the Court. A critical distinction exists between the facts of <u>Davenport</u> and those of this case. In <u>Davenport</u>, the defendant had "solely" absconded: he had been apprehended before and was present for his sentencing. <u>Id.</u> at 1327. In this case, however, Defendant had not only fled, he was voluntarily absent from sentencing and waived his right to be present at sentencing.

When a district court makes a finding that a defendant has not only fled but is also voluntarily absent from sentencing and has thus waived his right to be present at sentencing, the defendant has also waived his right to have ten days to review his PSI. Otherwise, Rule 43 would be largely useless. The district court, therefore, did not err in sentencing Defendant <u>in absentia</u> without his having reviewed the revisions to his PSI.

Our conclusion is bolstered by <u>United States v. Ortega-Rodriguez</u>, 13 F.3d 1474 (11th Cir. 1994), where we wrote that flight does not constitute a waiver of the right to appeal if the former fugitive can show that (1) granting the appeal is not likely to result in an undue burden on the government, and (2) the defendant's flight has not resulted in nor will result in significant interference with the operation of the judicial process. <u>Id.</u> at 1476.

8

Were we to conclude that a defendant, although having waived the right to be present at sentencing by fleeing, had not also waived the right to review his PSI, a defendant would be able to nullify Rule 43 and delay his sentencing indefinitely by his own misconduct. The open-ended postponement would result in an undue burden on the government; and it would significantly interfere with the operation of the judicial process. For example, information pertinent to sentencing could become stale and witnesses could become unavailable, thus allowing a defendant to impair -- by his own misconduct -- the court's ability to sentence him properly. See Fed. R. Crim. P. 43 advisory committee note ("Delay in conducting the sentencing hearing under such circumstances may result in difficulty later in gathering and presenting the evidence necessary to formulate a guideline sentence."). The approach advocated by Defendant -- unrestrictedly delaying imposition of sentence until the defendant has returned to review his PSI -- would subject accuracy and reliability in sentencing to a host of uncertainties: whether or when a defendant would return or be apprehended, whether the pertinent witnesses would be then available, and whether they would still remember the events at issue, among other things. This delay and uncertainty would create an undue burden for the government, and the disruption of finality would interfere with the operation of the judicial process.

When a defendant runs away from the courts and is apprehended before sentencing, his earlier escape does not operate as a waiver of his right to be present at sentencing. Davenport says that such a defendant also has not waived his right to have ten days to review his PSI. On those facts, giving a defendant ten days to review his PSI might not unduly burden the government or interfere with the judicial process: the postponement and delay is minimal and finite. If, however, the defendant flees, is found to be voluntarily absent from sentencing, and has been found to have waived his right to be present at sentencing, then he has waived not only that right but also the lesser right to review his PSI ten days before sentencing. We think that our decision today properly balances the need of a defendant to review his PSI with the need to ensure the timely and proper functioning of the judicial process.

In conclusion, we decline to extend Davenport to the case of a convicted defendant who has been found to be voluntarily absent from sentencing and to have waived his right to be present at sentencing. In cases like this one, when a sentencing court properly finds that the defendant is voluntarily absent and has waived his right to be present at sentencing, the defendant has also waived the right to review his PSI. Therefore, for the reasons stated above, the sentence imposed by the district court is affirmed.

10

AFFIRMED.