People v Fields (2004 NY Slip Op 50640(U))

[*1]

People v Fields

2004 NY Slip Op 50640(U)

Decided on June 15, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 15, 2004

Supreme Court, Queens County
THE PEOPLE OF THE STATE OF NEW YORK
against
CHRIS FIELDS, Defendant.
N10180-02

Seymour Rotker, J.
The following constitutes the opinion, decision and order of the court.
By motion dated March 26, 2004, defendant seeks an order of the court to vacate his conviction and dismiss the indictment pursuant to CPL 330.30(1). Defendant's claim is that he was seized upon less than reasonable suspicion and his subsequent "'confirmatory' identification was the product of that prior illegal seizure." Specifically, defendant claims that the hearing court erroneously held that there was no suggestiveness in the identification procedures employed. See Order, dated April 27, 2003 (Katz, J.). Defendant argues that an identification from a photo book by the undercover officer was unduly suggestive and that a subsequent identification, which the hearing court found was confirmatory, was improper. Moreover, defendant argues that there was no independent source established for defendant's identifications and therefore, testimony was improperly admitted at trial regarding his identification by the witness.
In response, the People have filed an affirmation in opposition dated May 29, 2004, whereby they assert that defendant's motion should be denied in its entirety arguing that defendant is presently in the custody of North Carolina authorities for felony charges consisting of heroin trafficking. The People claim that because defendant is not in the actual or constructive custody of this Court, he is not entitled to the requested relief pursuant to the "Fugitive Disentitlement" doctrine.
For the reasons stated herein, defendant's motion is denied.
FACTS
On March 21, 2002, a three-count indictment was filed with the court charging defendant with two counts of criminal sale of a controlled substance in the third degree (P.L. 220.39(1)) and one count of criminal sale of a controlled substance in or near school grounds. On or about April 1st and 7th, 2003 a Wade hearing was conducted before Supreme Court Justice Stanley B. Katz. Justice Katz held that there was no undue suggestiveness in the identification procedures employed and that a proper confirmatory identification had taken place.
Thereafter, on November 12, 2003, defendant was found guilty of two counts of criminal sale of a controlled substance in the third degree after a bench trial before this Court. Defendant has not yet been sentenced. A bench warrant was ordered by this Court on March 30, 2004 and defendant's bail was forfeited but stayed because the Court was advised that defendant had been arrested in North Carolina on narcotics charges and was in custody in that jurisdiction. Nevertheless, despite defendant's failure to appear in this Court on March 30, 2004 for sentencing, his attorney filed the within motion to vacate the conviction pursuant to CPL 330.30.
DECISION
Defense counsel now moves, on defendant's behalf and in defendant's absence, to set aside the verdict. Pursuant to CPL 330.30(1), upon a defendant's motion after a guilty verdict and before [*2]sentence, a court may set aside or modify the verdict upon: "(1) Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court." See also People v. Ventura, 66 N.Y.2d 693, 496 N.Y.S.2d 416 (1985).[FN1]
A court clearly has discretion "to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment . . ." that may be rendered. See Ortega-Rodriguez v. United States, 507 U.S. 234, 113 S. Ct. 1199 (1993)[FN2]; Bohanan v. Nebraska, 125 U.S. 692, 8 S. Ct. 1390 (1887); see also Eisler v. United States, 338 U.S. 189, 69 S. Ct. 1453 (1949). This rule is known as the fugitive dismissal rule.
The fugitive dismissal rule was instituted because there is no assurance that a judgment that is issued would be enforceable in the absence of the defendant. See Ortega Rodriguez, 507 U.S. at 239. Additionally, in Molinaro v. New Jersey, 396 U.S. 365, 90 S. Ct. 498 (1970), the Supreme Court explained that "[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." See Molinaro, 396 U.S. at 366.
New York has long followed the above rationale. In People v. Genet, 59 N.Y. 80 (1874), the Court of Appeals held that, "no court proceeding on behalf of a person charged with [a] felony may be taken unless he be in actual custody or in constructive custody after being let to bail." See also People v. Mongen, 76 N.Y.2d 1015, 565 N.Y.S.2d 764 (1990)(appeal dismissed where defendant not present before court). It is unanimously agreed by the courts that when a defendant is absent from the jurisdiction of the court, his appeal will not be entertained because if a hearing would not determine anything because if a new trial were to be ordered a defendant would not be present to answer. See People v. Molina Del Rio, 14 N.Y.2d 165, 250 N.Y.S.2d 257 (1964); but see United States v. Ortega-Rodriguez, 13 F.3d 1474 (11th Cir. 1994). Thus, since an absconding defendant has no absolute right to have an appeal heard in his absence, and defendant is essentially appealing his conviction and the order of a prior court hearing, his absence prevents this Court from entertaining his motion and it is therefore denied in all respects.
In sum, defendant is not entitled to relief from this Court since he is absent from the jurisdiction and is not presently before this Court as the People correctly point out. In any event, without reaching the merits of defendant's motion, the issues raised by defendant regarding the pre-trial hearing and probable cause before another Supreme Court Justice would not properly be before [*3]this Court. This Court is bound by the hearing decision of a Justice of coordinate jurisdiction for suppression hearings of this type who has already ruled upon the issue.[FN3]
Accordingly, defendant's motion is denied in its entirety.
Kew Gardens, New York
Dated: June 15, 2004 
SEYMOUR ROTKER
JUSTICE SUPREME COURT
Footnotes

Footnote 1:In People v. Ortiz, 150 A.D.2d 372, 672 N.Y.S.2d 327 (1st Dept. 1998), the court held that where the defendant moved to set aside the verdict pursuant to CPL 330.30, "the 'basis for vacating a jury verdict prior to sentencing is strictly circumscribed by CPL 330.30' to allow vacatur only if reversal would have been mandated on appeal as a matter of law. See Ortiz, 150 A.D.2d at 375 citing other cases. This Court is not reaching the merits, as outlined herein, and thus, does not address whether there are procedural bars, such as preservation, as to an appeal which could impact any potential arguments that may be raised by defendant should he file an appeal.

Footnote 2:Ortiz-Rodriguez, was remanded from the Supreme Court to the Eleventh Circuit for further consideration. See United States v. Ortega-Rodriguez, 13 F.3d 1474 (11th Cir. 1994). On remand, the Circuit Court held that the former fugitive status of the defendant did not unduly prejudice the government; or significantly interfere with the appellate process. Therefore, the government's motion to dismiss the appeal and reverse the conviction was denied. In this decision the two-prong test as to whether a former fugitive has lost his or her right to appeal was instituted. See also United States v. Awadalla, 357 F.3d 243 (2d Cir. 2004). Here, defendant is still a fugitive.

Footnote 3:Law of the case doctrine is meant to eliminate inefficiency and disorder that would take place if courts who had coordinate jurisdiction were free to overturn one another in an ongoing case. See People v. Evans, 94 N.Y.2d 499, 706 N.Y.S.2d 678 (2000). "An 'evidentiary' type ruling will normally not be binding in a subsequent trial . . . whereas an order following a suppression motion made pursuant to CPL article 710 ordinarily will be . . . ."