[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14119
Non-Argument Calendar

_____

D. C. Docket No. 05-00039-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN JEROME SMART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 8, 2007)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Kevin Jerome Smart appeals his 96-month sentence and $2,000 fine for

possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

After a thorough review of the record, we affirm.

Smart was indicted on one count each of possession with intent to distribute cocaine powder, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A). Smart subsequently pleaded guilty to the charge of possession with intent to distribute cocaine pursuant to a written plea agreement.

The underlying facts are as follows: Smart was apprehended during a traffic stop and, when he exited the car, a bag of cocaine fell on the ground. During a subsequent search, officers found marijuana and a gun in Smart's car. When Smart was processed at the police station, officers found more traces of cocaine and marijuana in Smart's underwear. In all, Smart possessed 5.58 grams of cocaine powder and 9.41 grams of marijuana.

The probation officer prepared a presentence investigation report ("PSI"), calculating a total offense level of 12, and a criminal history VI, which resulted in a guidelines range of 30-37 months' imprisonment. The PSI listed numerous criminal convictions, many of which involved drug and weapons offenses, and the probation officer noted that an upward departure in the criminal history might be warranted, but it did not expressly address the possibility of a variance. With

2

regard to Smart's ability to pay a fine, the probation officer indicated that, "Smart does not have any significant gainful employment history and does not have any marketable skills. However, he is young and employable. Therefore, he appears to have the ability to pay a minimal fine." Smart did not object to the statement regarding his ability to pay.

At the sentencing hearing, the district court initially asked if Smart had reviewed the report with defense counsel and was ready to proceed, and he responded in the affirmative.[1] Smart asserted that the PSI should have reported that he had worked all his life for his father. However, the district court did not give credence to this claim. Citing Smart's prior offenses, the district court said, "It doesn't seem to me that you have done anything but be a professional criminal." Smart made no other objection to the PSI. In particular, Smart did not object to the finding about his ability to pay or to the amount of time that he had to review the PSI. Smart argued for a sentence within the guideline range, noting that he was already serving a five-year sentence on state charges resulting from the

---

[1] Before concluding the sentencing hearing, the district court asked Smart's counsel, "You want to preserve all of your objections and arguments, do you not, Mr. Hamilton?" In response to counsel's affirmative answer, the district court said, "You do not need to rearticulate those. They will be deemed not waived, including the argument that the sentence should be within the parameters of the advisory guidelines." Presumably, Smart is referring to this exchange when he says that he reserved all of his objections. However, the district court said that counsel did not need to "rearticulate" the arguments already made, but Smart did not object to the amount of time he had to review the PSI.

same transaction.

Considering the sentencing factors in 18 U.S.C. § 3553(a) and Smart's lengthy criminal history, the district court sentenced Smart outside the guideline range to 96 months' imprisonment, finding, "there's a need to protect the public from further crimes of this defendant." Smart now appeals, challenging (1) the upward departure and the failure to give notice of an upward departure; (2) the imposition of a fine; and (3) the reasonableness of his sentence.

1. Departure

Smart argues that the district court made him a "virtual" career criminal by imposing an upward departure, and he asserts that a sentence at the high end of the guideline range along with the state court sentence he was already serving, would have provided time for him to receive treatment and counseling, "eliminat[ing] any danger to the public." Smart further argues that, if the district court felt an upward departure was merited, it was required to give notice and use a step-by-step analysis, which it failed to do.

We review the district court's application of the guidelines de novo. United States v. Wilks, 464 F.3d 1240, 1242 (11th Cir.), cert. denied, 127 S.Ct. 693 (2006). Pursuant to U.S.S.G. § 4A1.3, in certain circumstances, a court may depart upward or downward from the sentencing guidelines when sentencing a defendant.

4

After <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), however, a judge also has discretion to apply a sentence outside the guidelines based on the sentencing factors in § 3553(a) without employing a departure. <u>See</u> <u>United States v. Eldick</u>, 443 F.3d 783, 788 n. 2 (11th Cir.), <u>cert. denied</u>, 127 S.Ct. 251 (2006). In evaluating whether the district court employed a departure or exercised its discretion under 18 U.S.C. § 3553(a), this court has considered it important that the district court (1) did not cite to a guidelines departure provision and (2) specifically found the guidelines to be inadequate. <u>Id.</u>

Here, the district court did not refer to a guidelines departure provision. On the contrary, the court specifically stated that it was sentencing Smart above the guidelines range based on the sentencing factors in § 3553(a) and due to the need to protect the public. The district court's references to the fact that Smart did not meet the definition of a career criminal seem to simply express its dissatisfaction with the adequacy of the guidelines. Furthermore, if the district court had applied a departure and sentenced Smart as a career criminal under the guidelines, the guideline range would have been 151-188 months. U.S.S.G. § 4B1.1(b); U.S.S.G. Chapter 5, Part A. Accordingly, we conclude that the district court applied a variance rather than a departure. <u>See</u> <u>Eldick</u>, 443 F.3d at 788 n. 2. Therefore, to the extent that Smart is arguing that the district court inappropriately applied a

departure, these arguments are inapposite.[2]  See id.

Smart next argues that he did not have the statutory ten-day period to review the PSI.  Where the defendant fails to raise an issue in the district court, our review is for plain error.  United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005).  Under the plain error standard, we may not reverse unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."  Id. at 1328-29 (quotation marks removed).  If these three conditions are met, we may reverse only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. at 1329 (quotations marks removed).

Under 18 U.S.C. § 3552(d), a defendant is entitled to ten days to review the PSI before the sentencing hearing, but the right is waivable.  18 U.S.C. § 3552(d).  The waiver must be "knowing and voluntary."  "[T]o ensure that waiver of a constitutional or a significant statutory right is knowing and voluntary, the district

_____

[2] Under Fed. R. Crim. P. 32(h), a court is required to give a defendant "reasonable notice" that it is contemplating a departure "on a ground not identified for departure either in the presentence report or in a party's prehearing submission."  Fed. R. Crim. P. 32(h); see also Burns v. United States, 501 U.S. 129, 138, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1998).  However, where the court sentences outside the guidelines range based on a variance, rather than a departure, the defendant is not entitled to notice because, post-Booker, "parties are inherently on notice that the sentencing guidelines range is advisory and that the district court must consider the factors expressly set out in section 3553(a) when selecting a reasonable sentence between the statutory minimum and maximum."  United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006), pet. for cert. filed (Oct. 26, 2006) (No. 06-7517).  As discussed above, the district court employed a variance rather than a departure.  Therefore, Smart was not entitled to advanced notice of the increased sentence.  See Irizarry, 458 F.3d at 1212.

6

court must explicitly question the defendant about his understanding of his decision unless it is manifestly clear from the record that the defendant fully understands the significance of the waiver." United States v. Davenport, 151 F.3d 1325, 1328 (11th Cir. 1998).

Here, Smart claims he had only eight days to review the PSI. Before imposing the sentence, the district court asked Smart if he had read the report and if he had the opportunity to review the report with his attorney. Smart answered yes to both questions and also indicated that he had no additional objections to the report except to add that he had worked for his father. The district court then proceeded with the sentencing hearing. Smart did not move for a continuance or otherwise object to the amount of time he had to review the PSI. Accordingly, the district court did not plainly err by proceeding with the sentencing based on the presumption that Smart had waived any objection to the amount of time that he had to review the PSI.

2. Ability to Pay

Smart also argues that the district court did not properly consider his ability to pay a fine in light of his (1) lack of education and vocational skills, (2) existing child support obligations, (3) need for court-appointed counsel, and (4) low paying, questionable job with his father.

Because Smart failed to object to the district court's imposition of the fine, we review for plain error. United States v. Hernandez, 160 F.3d 661, 665 (11th Cir. 1998).

The district court is required to impose a fine unless the "defendant establishes that he is unable to pay and is not likely to be able to pay any fine." U.S.S.G. § 5E1.2(a). The burden of proof is on the defendant to establish that he cannot pay a fine. Hernandez, 160 F.3d at 665. Once the district court has determined that a fine is appropriate, it should consider certain factors, such as the seriousness of the offense, the defendant's ability to pay, and any restitution the defendant is obligated to make, in determining the amount of the fine. U.S.S.G. § 5E1.2(d). "As long as the record reflects the district court's consideration of the pertinent factors prior to imposing the fine[,]" the district court does not have to make specific findings of fact with regard to the factors. Hernandez, 160 F.3d at 665-66. Furthermore, where the defendant does not object to the imposition of the fine, the district court does not have notice that it needs to make specific findings of fact. Id. at 666.

Here, Smart did not object to the district court's finding that "he is youthful, and he has the ability to work and earn money and make some payment." Nor did he present any evidence or argument, prior to his argument on appeal, that he did

not have the ability to pay a fine. Accordingly, Smart did not meet his burden of proving that he was unable to pay a fine.

Furthermore, the record supports the conclusion that a $2,000 fine was appropriate. Under U.S.S.G. § 5E1.2(c)(4), the guideline range was $3,000 to $1,000,000. (PSI ¶ 70). The district court indicated that it had considered Smart's ability to pay when it said, "The defendant does not have an ability to pay a fine within the guidelines range, but he does have the ability . . . to work and earn money and make some payment." Accordingly, the district court imposed a fine below the guideline range. Additionally, the district court indicated that it believed the crime involved needed to be taken seriously. Furthermore, Smart was not obligated to pay any restitution. In light of these factors, the district court did not plainly err by imposing a $2,000 fine.

3. Reasonableness

After Booker, we review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) sentencing factors. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford, 407F.3d 1174, 1179 (11th Cir. 2005). Additionally, the district court is still required to correctly calculate the guidelines range. See United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005), cert. denied, 126 S.Ct. 1447 (2006). Smart bears the burden of showing that his

9

sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Smart does not dispute the district court's calculation of the sentencing guideline range. The question, then, is whether the final sentence imposed was reasonable in light of the § 3553(a) factors. See Winingear, 422 F.3d at 1246. In determining a reasonable sentence under § 3553(a), a court should consider, inter alia, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, deter criminal conduct, and protect the public from further crimes of the defendant, (3) the kinds of sentences available, and (4) the sentencing guidelines. 18 U.S.C. § 3553(a). The district court does not need to explicitly consider every factor from § 3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Here, the district court indicated that it had considered several of the factors, including the history and characteristics of the defendant such as Smart's numerous prior convictions, the need to protect the public, and the statutory maximum sentence of 20 years. Accordingly, the record demonstrates that the district court

considered facts and circumstances falling within § 3553(a)'s factors. <u>See</u> <u>Scott</u>, 426 F.3d at 1329-30. Furthermore, although the court imposed a sentence above the guideline range, the sentence was well below the statutory maximum, an indication of reasonableness. <u>See</u> <u>Winingear</u>, 422 F.3d at 1246. Thus, we conclude Smart's sentence was reasonable.

For the foregoing reasons, we AFFIRM.