[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14277
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20505-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL RICHIEZ,
a.k.a. Junior,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 13, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Angel Richiez was sentenced to 188 months' imprisonment for conspiracy to import more than five grams of cocaine into the United States, in violation of 18 U.S.C. §§ 952(a) and 963. In this appeal, Richiez raises four challenges to his sentencing proceedings. In particular, he contends: (1) that the district court erred by failing to give him at least ten days to review his amended presentence investigation report ("PSI"); (2) that the district court erred in denying his motion for a continuance because he did not have sufficient time to prepare his safety-valve statement; (3) that his former counsel was ineffective; and (4) that his sentence is substantively unreasonable. We hold that the district court erred in failing to afford Richiez at least ten days to review his amended PSI, as required by 18 U.S.C. § 3552(d). Accordingly, we need not consider Richiez's remaining claims, and we vacate Richiez's sentence and remand for resentencing.

**I**

In July 2014, a federal grand jury in the Southern District of Florida indicted Richiez on two counts: (1) conspiracy to import more than five kilograms of cocaine into the United States, in violation of 18 U.S.C. §§ 952(a) and 963; and (2) possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Richiez pleaded guilty to Count 1, Count 2 was dropped, and sentencing was set for December 2014. Before he could be sentenced, however, Richiez absconded to the Dominican Republic, where he

2

evaded arrest for nearly four years. Finally, in July 2018, Richiez surrendered to the U.S. Marshals Service. His sentencing hearing was set for September 2018.

Two days before Richiez's scheduled sentencing, his newly appointed counsel moved to continue the sentencing hearing. In support of the motion, Richiez's counsel argued that the U.S. Probation Office had not yet released Richiez's amended PSI and that he "believe[d] that there is material information that must be investigated before an adequate Sentencing hearing can be conducted." The district court denied Richiez's motion.

At Richiez's sentencing the following day, Richiez's counsel again moved for a continuance. Richiez told the district court that he had not yet read his amended PSI, which had only been released to his counsel at 4:00 p.m. the day prior. Richiez's counsel also argued that a delay in the proceedings would allow him to corroborate some of the relevant factual allegations—namely, Richiez's claim that he had been threatened in 2014 and fled because he feared for his family's safety. The government agreed that a continuance would be appropriate, stating that "we only got [the amended PSI] yesterday at 4:00" PM and that "the Government thinks it's important that the defense counsel has gone over what is in this PSI, which is different from the old PSI, with his client."

Nevertheless, the district court again denied Richiez's motion for a continuance. When Richiez stated that he had not read the amended PSI, the

3

district court replied: "Have a seat and read it.  I'm not continuing the case. [Richiez] fled and he wants me to delay it from 2014."  According to the district court, there was "no point in delaying" Richiez's sentencing for additional factfinding because "nothing [wa]s going to change."  The district court therefore ordered a recess until 2:30 p.m. that same afternoon, during which time Richiez and his counsel could review the amended PSI.  When the parties returned, the district court sentenced Richiez to 188 months' imprisonment followed by a lifetime of supervised release.

## II

Richiez alleges that, by denying his motion for a continuance, the district court violated his rights under 18 U.S.C. § 3552(d).[1]  Section 3552(d) states that criminal defendants must receive their PSI "at least ten days prior to the date set for sentencing, unless this minimum period is waived by the defendant."  The purpose of § 3552(d)'s disclosure requirement, we have explained, is "to ensure accuracy and fairness in sentencing by allowing the defendant adequate time to review and verify the information contained in the PSI prior to sentencing." *United States v. Davenport*, 151 F.3d 1325, 1328 (11th Cir. 1998).

---

[1] Although we normally review the denial of a motion for a continuance for abuse of discretion, we review whether a district court complied with § 3552(d) de novo. *United States v. Davenport*, 151 F.3d 1325, 1327 & n.1 (11th Cir. 1998).

4

In rejecting Richiez's motion for a continuance, the district court implied that Richiez was not entitled to the protection of § 3552(d)'s ten-day disclosure requirement because he had absconded before his earlier sentencing. *See* Sentencing Hearing Transcript at 4 (District Court: "Have a seat and read [the amended PSI]. I'm not continuing the case. [Richiez] fled and he wants me to delay it from 2014."). We have explicitly held, however, that "a defendant does not waive his right to review his PSI at least ten days prior to sentencing solely by absconding." *Davenport*, 151 F.3d at 1329. In *Davenport*, we determined that even though the defendant had previously absconded, the district court erred in denying the defendant's motion for a continuance, which left the defendant with only three hours to review his PSI prior to sentencing. *Id.* at 1328–29. Accordingly, we vacated the defendant's sentence and remanded for resentencing. *Id.*

The government does not dispute Richiez's claim that his sentencing violated § 3552(d)'s ten-day disclosure requirement. It argues, however, that we should disregard the violation and uphold Richiez's sentence.[2] Relying on our

---

[2] We note that, in responding to Richiez's claim that his sentence is substantively unreasonable, the government argues that Richiez waived any such claim through the appeal waiver in his plea agreement—an argument that, ostensibly at least, it could have made with respect to Richiez's § 3552(d) claim as well. *See* Plea Agreement at 6 ("[T]he defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including . . . *the manner in which the sentence was imposed*, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing." (emphasis added)). Because the government explicitly cabins its

decision in *United States v. Willis*, 649 F.3d 1248 (11th Cir. 2011), the government

claims that "[a] violation of § 3552(d) is analyzed for harmless error" and that,

because the violation in this case "did not adversely affect Richiez'[s] substantial

rights," it should be ignored.  The government is half right: § 3552(d) violations

*are* reviewed for harmless error.  *See Willis*, 649 F.3d at 1257.  The government's

contention that the violation here was harmless, however, is wrong.  In *Willis*, we

held that the district court's violation of the defendant's § 3552(d) rights was

harmless, in part because the defendant's counsel acknowledged that the revised

PSI (which the defendant did not receive until the day before the his resentencing)

contained "the same information" contained in the defendant's previous PSI.  *Id.* at

1258.  Thus, we reasoned, the defendant was "fully aware of the Probation Office's

positions." *Id.*

This case is different.  Here, unlike in *Willis*—and as the government itself

recognized at sentencing—the revised PSI contained important new information,

including the Probation Office's post-surrender interview with Richiez and its new

sentencing enhancement recommendation because of Richiez's flight.  Richiez's

counsel had little more than a day—and Richiez himself had much less—to

---

appeal-waiver argument to the substantive-reasonableness issue, however, we consider the argument waived with respect to the § 3552(d) issue.  *See Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012) (holding that appellee's "passing reference" to a defense was not enough to avoid waiver because the appellee must "make arguments and cite authorities in support of an issue" to preserve it).

investigate the revised PSI's new factual allegations and prepare arguments in opposition to its new sentencing recommendations. This, we think, squarely violates not only § 3552(d)'s text but also its purpose. *See Davenport*, 151 F.3d at 1328.

Accordingly, because Richiez did not waive his right to receive the PSI at least ten days prior to sentencing, and because the error was not harmless, we vacate his sentence and remand for resentencing in accordance with this rule. In light of our conclusion, we need not reach the remaining issues raised by Richiez on appeal—namely, whether the district court erred in denying his motion for a continuance on the basis that the denial gave him insufficient time to prepare a safety-valve statement; whether his counsel was ineffective; and whether his 188-month sentence was substantively reasonable.

**VACATED and REMANDED.**