[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15676

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2011
JOHN LEY
CLERK

D. C. Docket No. 06-00026-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES WILLIS,
a.k.a. Monte,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 17, 2011)

Before TJOFLAT, WILSON and SEYMOUR,* Circuit Judges.

_____

* Honorable Stephanie K. Seymour, United States Circuit Judge for the Tenth Circuit,
sitting by designation.

TJOFLAT, Circuit Judge:

Charles Willis appeals substantive and procedural aspects of his 151-month sentence. After initially receiving a much longer term of imprisonment, Willis moved to vacate his sentence under 28 U.S.C. § 2255, raising six claims of ineffective assistance of counsel. The district court found merit in one of those claims—that counsel should have challenged the imposition of a career offender enhancement—and ordered a resentencing hearing to sentence him free of that enhancement. At the resentencing hearing, Willis attempted to challenge other inputs into his sentence—the quantity of drugs attributable to him and a firearm enhancement—that his § 2255 motion also alleged had been handled incompetently by trial counsel. The district court refused to consider these arguments and imposed the sentence challenged in this appeal. Because we find no basis to disturb this ruling, or any of the other decisions Willis challenges, we affirm.

I.

A.

Willis was indicted in October 2006 of conspiring to "possess with the intent to distribute, and to distribute, 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine hydrochloride (powder)," in violation of 21 U.S.C.

2

§§ 841(a)(1), 846, and 18 U.S.C. § 2.  In September 2007, Willis pled guilty to the lesser-included offense of conspiracy to distribute an unspecified quantity of both identified drugs, and proceeded to sentencing.

The district court's Probation Office prepared a pre-sentence investigation report ("PSR"), as required by Federal Rule of Criminal Procedure 32.  The PSR determined a total offense level of 33, which included an estimated drug quantity of 32 kilograms of cocaine hydrochloride, United States Sentencing Commission, Guidelines Manual, § 2D1.1(c)(3), and a two-level enhancement for possessing a firearm in connection with the offense, id. § 2D1.1(b)(1).[1]  The PSR also determined that Willis's prior felony convictions made him eligible for the career offender enhancement under § 4B1.1, giving Willis a criminal history category of VI.  These inputs yielded a prison range of 235 to 240 months.  Recognizing Willis's assistance in other prosecutions, the Government filed a motion for a downward departure under § 5K1.1.  The district court granted the motion and sentenced Willis to 192 months' imprisonment.

Willis appealed his sentence, contending, among other things, that the district court erroneously applied the firearm enhancement.  This court affirmed

---

[1]  These two inputs provided Willis with an adjusted offense level of 36.  His total offense level was reduced to 33 after a 3-level reduction for acceptance of responsibility.  United States Sentencing Commission, Guidelines Manual, § 3E1.1.

Willis's sentence, finding that the district court did not err by applying the firearm enhancement "because law enforcement found the firearm at issue in Willis's home along with substantial evidence of drug trafficking activity." United States v. Willis, 284 F. App'x 687, 689 (11th Cir. 2008).

B.

In December 2008, Willis filed a motion to vacate his sentence under 28 U.S.C. § 2255.[2] The motion argued that Willis's counsel had been ineffective for: (1) failing to challenge the career offender enhancement; (2) failing to contest the firearm enhancement; (3) failing to object to the drug amounts attributed to him in the PSR; (4) ineffectively handling a motion to suppress evidence, including the firearm; (5) failing to object to improper venue; and (6) advising him to accept the plea agreement. The Government conceded that Willis was not eligible for the career offender enhancement, but argued that the remaining claims were meritless.

Willis's motion was referred to a magistrate judge, who issued a Report and Recommendation in May 2009. The Report and Recommendation accepted the Government's concession and concluded that Willis "should be resentenced under

---

[2] In June 2008, Willis filed a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence on the ground that he was not eligible for the career offender enhancement. In response, the Government conceded that the enhancement should not have been applied to Willis, but argued that this error can only be corrected through a 28 U.S.C. § 2255 motion. The district court agreed with the Government and instructed Willis to re-file his motion as a § 2255 motion, along with any other claim he had against his conviction or sentence.

4

the appropriate sentencing guideline provisions." Willis's remaining ineffective

assistance claims were rejected without an evidentiary hearing. On June 22, 2009,

the district court adopted the Report and Recommendation and ordered

resentencing. The relevant portion of the order reads:

> Movant Charles Willis is entitled to be resentenced absent the
> career offender enhancement applied at his initial sentencing.
> Accordingly, the United States Probation Office is DIRECTED
> to prepare a new presentence investigation report reflecting the
> fact that Willis is not a career offender under the sentencing
> guidelines. The Court will appoint new counsel to represent
> movant at the resentencing hearing, and the Clerk is therefore
> DIRECTED to prepare the appropriate appointment papers (CJA-
> 20) forthwith. The Court will schedule the case for
> resententencing once the revised presentence investigation report
> has been prepared and reviewed by counsel.

The new PSR, which Willis received on July 7, 2009, again set Willis's total

offense level at 33. This calculation again included the firearm enhancement and

the estimated 32 kilograms of cocaine hydrochloride. Without the career offender

enhancement, Willis's criminal history decreased to level II. This profile provided

a sentencing range of 151 to 188 months' imprisonment.

Willis filed objections to the PSR on October 7, 2009. He contested the

firearm enhancement and the drug quantity, items that his § 2255 motion faulted

his trial counsel for neglecting. Regarding the drug quantity, Willis argued that he

actually distributed 14.75 kilograms of cocaine; this new quantity would reduce

5

his base offense level from 34 to 32, and his total offense level from 33 to 31. He did not raise any objections to his new criminal history calculation.

The Probation Office responded to Willis's objections on October 20, 2009, which Willis's attorney received on October 21, 2009. The Probation Office recommended that the district court "engage in no further analysis" of both the firearm enhancement and the drug quantity because the district court had not granted Willis's § 2255 claims regarding those two issues.

The same day that the Probation Office issued its responses, the district court set October 22, 2009, as the date for Willis's resentencing hearing. Noting that 18 U.S.C. § 3552(d) requires that defendants be given at least ten days to review the PSR, Willis filed a motion on October 20 to postpone the sentencing hearing.

The sentencing hearing was held as scheduled on October 22. At that hearing, the district court summarily denied Willis's motion for a postponement. The court stated that it only planned to address Willis's career offender status. It would not allow Willis to re-litigate the firearm enhancement and the drug quantity because (1) the issues had been previously litigated during Willis's original sentencing and appeal, and (2) the court did not grant Willis's § 2255 ineffective assistance claims regarding those issues. Having limited the hearing's

scope, the court noted that Willis and his attorney both had access to his old PSR from 2007—which was identical to the 2009 PSR except for the career offender enhancement—and did not object to any statements regarding the PSR's revised criminal history category.

After addressing the postponement issue, the court accepted the PSR's calculations and determined that the guideline range suggested 151 to 188 months' imprisonment. The Government then re-asserted its motion for a downward departure under § 5K1.1 for Willis's assistance in securing two other convictions. The district court denied the Government's motion. After reviewing Willis's criminal history, the court determined that Willis was a "lifelong major drug dealer" who had been "very successful" at "us[ing] the system by saying 'I will provide substantial assistance'" every time he was caught in the act.

At the conclusion of the hearing, the court sentenced Willis to 151 months' imprisonment, a $10,000 fine, a $100 special assessment, and five years of supervised release.

C.

Willis filed a timely notice of appeal of his new sentence. His brief raised three issues: (1) whether the district court should have postponed the October 22 hearing; (2) whether the district court correctly limited the scope of the sentencing

7

hearing; and (3) whether the district court imposed an unreasonable sentence by denying the Government's § 5K1.1 motion.

A panel of this court interpreted this appeal as challenging "both the district court's partial denial of his § 2255 motion and the new sentence the court imposed after granting his § 2255 motion in part." Noting that the district court did not provide Willis a certificate of appealability on the remaining ineffective assistance of counsel claims, as required by 28 U.S.C. § 2253(c), the panel's April 29, 2010 opinion retained jurisdiction over Willis's case, but issued a limited remand to the district court to rule on the certificate of appealability issue. On remand, the district court granted Willis a certificate of appealability on the ineffectiveness claim regarding the firearm enhancement, but denied certificates of appealability on the other four claims.[3] We ordered Willis and the Government to file new briefs in light of the district court's order.

## II.

Floating in this case are two competing notions of what, exactly, Willis is challenging. The district court's June 22, 2009 order denied in part Willis's

---

[3] Willis's § 2255 motion raised six grounds. One ground, involving the career offender enhancement, prevailed at the district court and served as the basis for his resentencing. The district court rejected the other five grounds, but granted a certificate of appealability as described above.

8

§ 2255 motion, in which he argued that his trial counsel was ineffective for, among other things, (1) failing to challenge adequately the firearm enhancement; (2) failing to challenge the drug quantity; and (3) failing to address adequately a motion to suppress the firearm that led to the sentencing enhancement. At the October 22, 2009 resentencing hearing, the trial court prohibited Willis from relitigating either the firearm enhancement or the drug quantity.

To the extent that Willis seeks to appeal the denial of claims from his § 2255 motion, the district court granted Willis a certificate of appealability only on the ineffectiveness claim regarding the firearm enhancement, and it does not appear that Willis asks this court for a certificate on the remaining claims or challenges the district court's substantive rulings on those claims. See part IV, infra. Without a certificate of appealability, Willis may not challenge the denial of his other § 2255 claims. 28 U.S.C. § 2253(c)(1)(B).

Although Willis had the right to appeal the denial of his firearm-enhancement ineffectiveness claim, Willis appears to have abandoned that claim. "[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate." United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). This common-sense rule seeks to "avoid confusion as to the issues that are in play and those that are not." Id. Where a party fails to abide by this simple

9

requirement, he has waived his right to have the court consider that argument. Fed. Sav. & Loan Ins. Corp. v. Haralson, 813 F.2d 370, 373 (11th Cir. 1987).

Willis's brief does not appear to contest the district court's substantive ruling—that his firearm-enhancement ineffectiveness claim had no merit. Rather, he argues that the district court erred by not granting him an evidentiary hearing to prove his claim.

A brief perusal of the relevant section of Willis's brief illustrates this point. First, the heading to this section reads: "The district court erred in limiting objections to the revised presentence investigation report to merely the issue of career offender." Appellant Br. at 14.

Second, Willis does not cite any cases in support of his latent ineffective-assistance claim. In fact, Willis's brief does not even mention the familiar two-part test for ineffective-assistance claims: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) counsel's deficient performance prejudiced him such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674 (1984). The only case he cites, Salazar v. United States, 319 F. App'x 815 (11th Cir. 2009), he does so to further his argument that the

10

district court should have held an evidentiary hearing, not for the proposition that his attorney was constitutionally deficient and that prejudice ensued. Appellant Br. at 15–16. Moreover, Salazar is unpublished and therefore non-binding; surely Willis could have cobbled together an argument from this circuit's plethora of precedent on ineffective assistance of counsel.[4]

Finally, Willis's discussion of the facts relevant to his ineffective-assistance claim are sparse enough to suggest that he was not challenging the district court's denial of his § 2255 motion. Willis's brief faults his trial counsel for not "ma[king] appropriate objections to the [first PSR] and call[ing] witnesses to support those objections." Id. at 16. But nowhere in his brief does he suggest why these commissions were errors, let alone objectively unreasonable. The following excerpt from his brief is the extent of his specificity on the topic:

> That evidence [of drug trafficking activity relied upon by the court of appeals in affirming application of the firearm enhancement] would have been much less than "substantial" if the witnesses such as the real estate closing attorney and fiancé claiming ownership of the firearm known to prior counsel had appeared or their affidavits and business records had been presented along with the government's own evidence that [Willis] had been absent from the residence for the prior month.

---

[4] Although Willis's initial § 2255 motion was prepared without counsel, we note that Willis was represented by counsel on appeal and our forgiving posture towards pro se briefs therefore does not apply. Cf. United States v. Ly, No. 09-12515, slip op. at 18–20 (11th Cir. July 20, 2011) (describing protections afforded to pro se litigants).

Id. at 17. And later in that same paragraph, Willis suggests that this information was information that the district court should have considered during Willis's October 22 resentencing hearing, not that the court erred by denying his § 2255 motion. See id. at 17 ("[Willis] orally attempted to present this evidence himself and requested additional time to call those witnesses but the court denied his request choosing to rely on the information provided in the [PSR] . . . .").

We therefore conclude that Willis has waived his right to challenge the district court's adverse ruling on his § 2255 motion.

III.

Willis next contends that the district court inappropriately limited the scope of the resentencing hearing to solely the career offender enhancement. Specifically, he argues that he should have been able to present evidence contesting the firearm enhancement and the PSR's drug-quantity estimate. This argument is not a clever way to appeal the district court's denial of his ineffective assistance claims. Rather, Willis appears to argue that when a district court orders "resentencing," it must re-litigate all issues related to the defendant's sentence.

The district court's order granting Willis's resentencing directed the Probation Office "to prepare a new presentence investigation report reflecting the fact that Willis is not a career offender under the sentencing guidelines," but

12

otherwise did not indicate that Willis was barred from challenging other aspects of the new PSR. At the October 22 hearing, however, the district court made clear its intention only to resentence Willis absent the career offender enhancement because only that claim merited § 2255 relief. The court noted that it had rejected the remaining ineffective assistance claims, and that it would adhere fully to the way the underlying issues—the firearm enhancement and the drug quantity—were determined in Willis's first round of sentencing.

The district court's limitation was not improper. A similar situation arose in United States v. Rogers, 848 F.2d 166 (11th Cir. 1988) (per curiam). In Rogers, the defendant, who had pled guilty, stated at his sentencing hearing that he had no factual challenges to the PSR. Id. at 167. After the court sentenced the defendant to 25 years' imprisonment, the defendant "moved for resentencing because he had not been given an opportunity to allocute before sentence was imposed" as required by Federal Rule of Criminal Procedure 32. Id. The district court granted the defendant's motion and ordered a resentencing hearing to allow the defendant "'to say anything he wants to say.'" Id. At the hearing, the defendant attempted to raise objections to factual representations in the PSR. Id. The court stopped him and stated that the hearing's sole purpose was to permit allocution; the other issues

had been resolved at the first sentencing hearing.  Id.  After hearing the defendant's speech, the court imposed the same sentence.  Id. at 168.

On appeal, the defendant argued that the district court erred by not addressing his new objections to the PSR.  Id. at 169.  In particular, he noted that "the court's order scheduling resentencing did not limit the scope of the hearing, and the court did not announce the limitation until his factual challenges were raised."  Id.

We rejected this argument.  In language perfectly suited to Willis's argument, we explained,

> [A]lthough the court did not expressly state prior to the hearing that it was limiting the hearing to allocution only, it made that point clear at the hearing itself.  There was nothing improper about that limitation as it was in the interest of judicial economy for the court not to redo that which had been done correctly at the first hearing.

Id.

Like the order in Rogers, the district court's June 22 order did not specifically limit sentencing to the career offender issue.  But, like the Rogers court, the district court made this limitation plain when Willis raised his objections to the firearm enhancement and the drug quantity.  The district court rejected Willis's ineffective-assistance claims regarding those issues and had no reason to

re-litigate what had, in its view, been decided without error. We do not see error in its decision.

IV.

In a related argument, Willis argues that the district court erred by failing to make "an individualized finding, supportable by a preponderance of the evidence, as to the drug quantity foreseeable" by Willis, as required by United States v. Bacon, 598 F.3d 772, 777–78 (11th Cir. 2010) (per curiam). Instead, Willis argues, the district court made findings which were "just an estimate," and that it should have permitted Willis to present evidence regarding the drug quantity at his 2009 resentencing hearing.

Our discussion in part III, supra, disposes of this argument. During Willis's 2007 sentencing and 2008 appeal, he did not challenge the PSR's drug quantity. His § 2255 motion alleged that his counsel was ineffective for failing to raise this issue, but the district court rejected this claim and denied him a certificate of appealability on that issue. His brief does not ask for a certificate of appealability from this court, nor does it challenge the district court's substantive ruling on his ineffectiveness claim. Therefore, it appears that he faults the district court for not permitting him to re-litigate the drug-quantity issue, or, alternatively, for not making particular findings required by Bacon. As we discussed above, the district

court did not err by limiting Willis's resentencing hearing to the career offender issue. Willis's argument here is simply another attempt to re-open decisions made in 2007 that the district court determined it would not review.

V.

The next issue revolves around the district court's decision to hold Willis's resentencing hearing on October 22. Although Willis and his attorney received the new PSR on July 7, they received the Probation Office's responses to Willis's objections on October 21, one day before the resentencing hearing. Willis argues that this action violated his statutory right to receive the PSR "at least ten days prior to the date sent for sentencing, unless this minimum period is waived by the defendant." 18 U.S.C. § 3552(d). We evaluate a district court's compliance with § 3552(d) de novo. United States v. Davenport, 151 F.3d 1325, 1327–28 (11th Cir. 1998).

"[T]he purpose of the ten-day requirement is to ensure accuracy and fairness in sentencing by allowing the defendant adequate time to review and verify the information contained in the [PSR] prior to sentencing." Id. at 1328. Willis claims that Davenport controls this issue. There, the defendant escaped from custody before the probation office distributed the PSR. Id. at 1327. The district court scheduled sentencing for the day after the defendant was apprehended,

16

which gave him only three hours to review the PSR on the day of his sentencing hearing. Id. We held that the failure to grant a continuance was improper; the defendant's escape did not provide a "knowing and voluntary" waiver of his § 3552(d) right to ten-days' notice. Id. at 1328–29. But see United States v. Jordan, 216 F.3d 1248, 1249–51 (11th Cir. 2000) (holding that Davenport does not prevent a district court from sentencing a defendant in absentia pursuant to Federal Rule of Criminal Procedure 43).

The Government counters that, assuming there was error, any error was harmless. Its argument first notes that the October 22 hearing's purpose was limited to resentencing Willis absent the career offender enhancement, and that Willis raised no objections to that portion of the PSR. The Government also asserts that the document Willis received on October 21—one day before his sentencing hearing—contained no new material. The October 21 document simply enclosed the Probation Office's responses to Willis's objections, which were attached to the back of the PSR that Willis received on July 7. And that PSR, the Government maintains, was virtually identical to the PSR used to sentence Willis in 2007, the only difference being the career offender enhancement.

Whether harmless error applies to a violation of § 3552(d) is a question of first impression for this circuit. Upon examination, we agree with the Government

that § 3552(d) is susceptible to harmless-error analysis. First, <u>Davenport</u> was silent on this issue; its simply held that a defendant's escape does not waive the ten-day notice requirement. 151 F.3d at 1329. Second, at least two other courts of appeals have applied harmless error to untimely disclosure of a PSR. <u>See</u> <u>United States v. Taylor</u>, 72 F.3d 533, 550 (7th Cir. 1995) ("However, we do not believe that the probation office's eleventh-hour filing of the amended PSR significantly affected [the defendant's] right to a fair sentencing hearing."); <u>United States v. Barry</u>, 938 F.2d 1327, 1338–39, 1338 n.12 (D.C. Cir. 1991) (applying harmless error to a similar requirement under Federal Rule of Criminal Procedure 32(c), but indicating that this analysis also applied to the defendant's § 3552(d) challenge). Finally, federal statutes and criminal-procedure rules lay a background assumption of harmless-error analysis. <u>See</u> 28 U.S.C. § 2111 ("On the hearing of any appeal . . . the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."); Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

We also agree with the Government that, assuming the district court violated § 3552(d), any error was harmless.[5] Willis's brief mentions only one form of prejudice: "With less than twenty-four hour notice as to the sentencing hearing it was impossible for [Willis] to subpoena the witnesses necessary to support his objections to the [PSR]." Appellant Br. at 13. But, as discussed in part III, supra, the district court did not err by limiting resentencing to the career offender enhancement. Because Willis did not object to the PSR's analysis of his

---

[5] We observe that § 3552(d)'s ten-day period might not have been violated in this case. Willis received the revised PSR on July 7, 2009; the responses received on October 21, 2009 did not alter any portion of that PSR. Therefore, one might argue—though the Government does not—that the ten-day window had been satisfied. See United States v. Jackson, 186 F.3d 836, 838–39 (7th Cir. 1999) (finding no § 3552(d) violation during the defendant's 1997 resentencing because the defendant had reviewed a 1995 PSR—which was identical to the 1997 PSR—during his original sentencing in 1995).

Furthermore, the Rules of Criminal Procedure suggest that the ten-day period applies only to the initial PSR released by the Probation Office (the July 2009 document) and not to the Probation Office's responses (the October 21 document). Rule 32(e)(2) provides that "[t]he probation officer must give the presentence report to the defendant [and] the defendant's attorney . . . at least 35 days before sentencing unless the defendant waives this minimum period." Fed. R. Crim P. 32(e)(2). This provision applies most readily to the revised PSR distributed in July 2009. Rule 32(g), however, only mandates a seven-day period between the sentencing hearing and receipt of the Probation Office's responses to the defendant's objections: "At least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them." Id. 32(g). This provision applies most readily to the document released on October 21. The district court's failure to grant a continuance certainly violated this rule, but would be harmless for the reasons described in the text.

So, unless Rule 32(g) and § 3552(d) are in direct conflict—because Rule 32(g) provides the defendant with less than ten-days' notice of the addendum—the addendum, which was provided on October 21, is not covered by § 3552(d). The parties have not briefed this issue, and the Government does not challenge Willis's premise that § 3552(d) applies to the addendum distributed on October 21. We therefore offer this footnote as an observation, and not a holding.

criminal history, these witnesses could only have testified to aspects of the PSR that the district court specifically barred Willis from re-litigating—the firearm enhancement and the drug quantity. Furthermore, Willis's attorney acknowledged at the October 22 hearing that the PSR distributed in July 2009 had the same information contained in the PSR used to sentence Willis in 2007; Willis was therefore fully aware of the Probation Office's positions.

## VI.

In addition to these procedural issues, Willis argues that his sentence is substantively unreasonable. We review sentences for reasonableness, Rita v. United States, 551 U.S. 338, 341, 127 S. Ct. 2456, 2459, 168 L. Ed. 2d 203 (2007), and the district court's decision for an abuse of discretion, Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The only unreasonableness Willis cites is the district court's denial of the Government's request for a downward departure under § 5K1.1. At Willis's 2007 sentencing, the government made a similar motion, and the district court sentenced Willis to 192 months' imprisonment, an 18 percent decrease from the low-end of Willis's guideline range of 235 months' imprisonment. Willis argues that, because

20

nothing had changed between 2007 and 2009, the district court's failure to grant a similar 18 percent decrease from his 151-month sentence was unreasonable.

Willis appears to be making two arguments here: (1) that the district court should have granted the Government's § 5K1.1 motion; and (2) that his 151-month sentence is unreasonable.

Regarding the first, a district court's refusal to apply a downward departure is within the court's discretion and may not be appealed, provided the court recognized that it had the power to so depart from the guideline range. United States v. Harness, 180 F.3d 1232, 1237 (11th Cir. 1999). Substantial-assistance departures under § 5K1.1 fall under this category. Id. The district court clearly understood that it had the power to depart from the guideline range and we therefore lack jurisdiction to consider the district court's ruling on this issue.

Regarding the second, Willis presents no other ground to find his sentence unreasonable. 151 months' imprisonment was the lowest end of the guideline range, and the district court found that 151 months was appropriate punishment given Willis's crime and criminal history. We therefore conclude that his sentence was reasonable.

VII.

For the foregoing reasons, Willis's sentence and the district court's resolution of his § 2255 motion are

AFFIRMED.