[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13988
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cr-00145-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD D. GUERARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 3, 2012)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Guerard appeals his 52-month sentence, imposed after he pleaded guilty to one count of conspiring to commit bank fraud, in violation of 18 U.S.C. § 371. The district court correctly calculated an applicable guidelines range of 46–57 months imprisonment. The court then denied the government's motion for a downward departure based upon Guerard's substantial assistance after concluding that Guerard had already received substantial benefit from the plea agreement. The district court specifically pointed out that, had Guerard been found guilty of any count in the indictment, which charged a number of bank fraud offenses under 18 U.S.C. § 1344, he would have faced a much higher guidelines range of 87–108 months imprisonment.

On appeal, Guerard shows that, had he pleaded guilty to any one count in the indictment, his applicable guidelines range would have been only 51–63 months imprisonment, not 87–108 months imprisonment. For this reason, he argues, the district court's finding that he substantially benefitted by pleading guilty was clearly erroneous. Accordingly, Guerard claims that his sentence is procedurally unreasonable because the district court relied on a clearly erroneous factual finding when it denied the government's motion for a downward departure.

We are required to examine our jurisdiction sua sponte, and do so under de novo review. United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009). This

jurisdictional inquiry reveals that, under our prior precedent, we lack jurisdiction to consider Guerard's challenge of the district court's denial of the government's downward departure motion. Where the district court understood it had the authority to grant a downward departure, as the record indicates was the case here, our precedent dictates that we lack jurisdiction to review the court's decision to deny the departure. United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006). This jurisdictional rule encompasses decisions, such as in this case, to deny a motion for a downward departure based upon a defendant's substantial assistance. United States v. Willis, 649 F.3d 1248, 1258–59 (11th Cir. 2011).

Lacking jurisdiction to review the district court's denial of the downward departure motion, we must affirm Guerard's sentence.

**AFFIRMED.**