[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13164
Non-Argument Calendar

_____

D.C. Docket No. 2:07-cr-14035-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN GODWIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 11, 2013)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Calvin Godwin, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). After review, we affirm.[1]

In January 2008, Godwin was sentenced to a total 168-month sentence for drug trafficking and firearm offenses. On direct appeal, Godwin challenged the amount of drugs attributed to him and the imposition of a firearm enhancement and a leadership-role enhancement. This Court affirmed his convictions and sentences. See United States v. Godwin, 296 F. App'x 744 (11th Cir. 2008).

In November 2008, the district court granted Godwin's § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines. The district court found that Godwin's offense level had changed from 34 to 32, which lowered his advisory guidelines range from 168 to 210 months' imprisonment to 135 to 168 months' imprisonment. The district court reduced Godwin's sentence to 135 months. Godwin did not appeal the new calculation of his base offense level or his new guidelines range.

In 2012, Godwin filed the instant pro se § 3582(c)(2) motion based on Amendment 750 and the Fair Sentencing Act ("FSA"). In addition, Godwin argued that the district court miscalculated his base offense level at his original

---

[1]We review de novo a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. Liberse, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).

January 2008 sentencing.  The government opposed Godwin's new § 3582(c)(2) motion, pointing out that, although Amendment 750 changed the marijuana equivalency for Godwin's crack cocaine amount, the combined marijuana equivalency for his crack and powder cocaine amounts still resulted in the same base offense level of 34, and thus Amendment 750 had no effect on Godwin's guidelines range.[2]  The district court denied Godwin's § 3582(c)(2) motion, finding that he had already received the maximum reduction of 135 months.

On appeal, Godwin argues that the district court should have granted his latest § 3582(c)(2) motion so that it could correct the error allegedly made at his original 2008 sentencing.[3]  Godwin, however, cannot challenge his original sentencing determinations via a § 3582(c)(2) motion.  See 18 U.S.C. § 3582(c)(2) (limiting proceedings to cases where retroactive amendment of the Sentencing Guidelines affects the applicable guidelines range).  "[A] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo

---

[2]Under U.S.S.G. § 2D1.1(c)'s drug quantity tables, to receive a base offense level of 34, the offense must involve at least 3,000 kilograms but less than 10,000 kilograms of marijuana. See U.S.S.G. § 2D1.1(c)(3).  Amendment 750 made permanent, among other things, Amendment 748's change to the marijuana equivalency of 1 gram of crack cocaine from 20 kilograms of marijuana to 3,571 grams of marijuana. See U.S.S.G. app. C, amends. 748, 750.  This change did not affect Godwin, however, because even using the new marijuana equivalency, his offenses involved a combined total of 3,124.81 kilograms of marijuana (2,696 kilograms of marijuana equivalency for his powder cocaine and 428.81 kilograms of marijuana equivalency for his crack cocaine).

[3]On appeal, Godwin does not make any argument as to Amendment 750 or the FSA and thus has abandoned these claims.  See United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011), cert. denied, 132 S. Ct. 2733 (2012).

resentencing," and, therefore, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis omitted).  Consequently, Godwin's arguments regarding his original sentencing are outside the scope of a § 3582(c)(2) proceeding.

Accordingly, we affirm the district court's denial of Godwin's § 3582(c)(2) motion to reduce his sentence.

**AFFIRMED.**