[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14683
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00021-CEH-DAB-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DIANNA SHADE,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 22, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Dianna Shade appeals her sentence of 18 months' imprisonment, imposed

after she pleaded guilty to one count of conspiracy to make, utter, and possess

counterfeit checks in violation of 18 U.S.C. § 371.  Because we conclude the district court did not clearly err in deciding the amount of loss attributable to Shade, we affirm.

Between late 2008 and August 2010, Shade, along with her mother, two uncles, and several others, was involved in a check-counterfeiting scheme.  Shade and her co-conspirators obtained legitimate checks from bank accounts at several banks.  Several manufacturers would then print counterfeit checks using the account and routing data from those legitimate checks.  Briefly, Shade also manufactured checks.  Primarily, however, Shade's role was to recruit individuals, usually from homeless shelters and Salvation Army locations, to cash the counterfeit checks.  Shade would drive the individuals to retail stores to cash the checks, collect the cash, pay the casher a bounty, and divide the remainder back up the chain.  All said, the district court concluded the loss resulting from the entire conspiracy during the period Shade was involved amounted to $585,373.82.

At sentencing, the district court included a 14-level enhancement under U.S.S.G. § 2B1.1(b)(1)(H) in its guidelines calculation, concluding that the full loss amount was reasonably foreseeable to Shade.  With that enhancement, Shade's guidelines range was 57 to 60 months.  Nonetheless, in light of the 18 U.S.C. § 3553(a) factors and because the district court believed the guidelines overstated Shade's culpability, the court varied downward, sentencing her to only 18 months.

2

Shade argues on appeal that her sentence is procedurally unreasonable because the district court's loss calculation was erroneous.

"The party challenging the sentence bears the burden of establishing that the sentence is unreasonable." *United States v. Willis*, 649 F.3d 1248, 1258 (11th Cir. 2011). We review the district court's amount-of-loss calculation under U.S.S.G. § 2B1.1(b) for clear error. *United States v. Naranjo*, 634 F.3d 1198, 1206 (11th Cir. 2011). A defendant should be held responsible for loss "the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." U.S.S.G. § 2B1.1, cmt. (n.3(A)). "A district court may hold participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy." *United States v. Mateos*, 623 F.3d 1350, 1370 (11th Cir. 2010) (internal quotation marks omitted); *see also* U.S.S.G. § 1B1.3(a)(1)(B). "Only after the district court makes individualized findings concerning the scope of criminal activity the defendant undertook is the court to determine reasonable foreseeability." *United States v. Hunter*, 323 F.3d 1314, 1319 (11th Cir. 2003). We need not reverse if the district court failed to make such findings, however, if the record as a whole supports the court's determination of the amount of loss reasonably foreseeable to the defendant. *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).

At sentencing, Special Agent Jeff Starnes of the U.S. Secret Service testified that Shade was a recruiter for two check manufacturers, that she was aware of the scope of the conspiracy and admitted knowing many of the participants including other manufacturers and recruiters, that she drove cashers to cash checks and would divide the proceeds, and that she had tried her hand at manufacturing counterfeit checks for the conspiracy. That testimony makes this case quite different from *Hunter*, on which Shade relies, because the three defendants in that case were check cashers who were aware that a scheme was larger than themselves but never functioned at its higher rungs. 323 F.3d at 1320-22. Rather, the case is more akin to *United States v. McCrimmon*, 362 F.3d 725, 732 (11th Cir. 2004), in which we concluded the entire loss from a conspiracy was reasonably foreseeable to a defendant who "was fully aware of the objective of the conspiracy and was actively involved in recruiting [others] to further the . . . scheme."

Shade concedes that she "knew these people, and knew some of them committed crimes . . . ." She also does not dispute that she functioned at and knew players within the upper levels of the conspiracy's hierarchy or challenge the court's finding she was a manager or supervisor in the conspiracy. That Shade was not personally involved in every transaction is immaterial to whether she can be held responsible for the loss that was objectively likely to result from the activities of her co-conspirators in furtherance of the scheme. The guidelines do not require

4

that a defendant have caused the loss in order for her to be held responsible for it; only that she objectively could have foreseen its extent.  *See United States v. Mitchell*, 146 F.3d 1338, 1346 (11th Cir. 1998) (recognizing that the question of whether the actions of co-conspirators were reasonably foreseeable is judged objectively).  Because Shade has not shown the district court clearly erred in finding that she reasonably could have foreseen the extent of intended loss that resulted from the entire conspiracy, her 18-month sentence is

     **AFFIRMED**.