[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15880
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-02937-MHC


ROQUE "Rocky" DE LA FUENTE,

Plaintiff-Appellant,

versus

BRIAN P. KEMP, in his official capacity as
the Secretary of State of the State of Georgia,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 15, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

In the November 2016 elections, Roque De La Fuente ran as an independent candidate for the presidency of the United States.  As part of his pursuit of high office, he sought to have his name placed on the ballot in Georgia.  Unfortunately, he filed his slate of presidential electors too late, missing Georgia's July 1 deadline.[1]  As a result, Georgia's Secretary of State — the defendant Brian Kemp — rejected his slate of electors, rendering De La Fuente ineligible to appear on the ballot.  De La Fuente sued, claiming that the filing deadline violated his constitutional rights.

De La Fuente's complaint sought:  emergency mandamus relief ordering Kemp to accept his slate of electors, preliminary and permanent injunctive relief prohibiting enforcement of the Georgia deadline statute, and a declaratory judgment that the Georgia deadline statute was unconstitutional.  He also filed a separate motion for emergency mandamus relief and a preliminary injunction — even though he had already requested both in his complaint — because the district court ordered him to do so based on its local rules.  The district court denied that

---

[1] The statute that De La Fuente challenges, O.C.G.A. § 21-2-132(d)(1), does not set out a specific date.  Instead, it describes a method of calculating the date by which slates of electors and other materials must be submitted.  In 2016, that deadline fell on July 1.  For the sake of simplicity, we will refer to the statute as "the Georgia deadline statute" throughout the opinion.

motion in an order, which De La Fuente appeals.[2]   A motion to dismiss De La Fuente's complaint is fully briefed and pending in the district court.

## I.

While De La Fuente's appeal has been pending before this Court, the November 2016 elections have come and gone.  Kemp contends that this renders De La Fuente's claims for a preliminary injunction moot because we can no longer direct him to accept De La Fuente's slate of electors for the November 2016 presidential election and De La Fuente can no longer appear on the ballot.  We agree only in part.

"Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  Brooks v. Ga. State Bd. of Elections, 59 F.3d 1114, 1118 (11th Cir. 1995).  "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed."  Id.  Here, De La Fuente's request for a preliminary injunction is undoubtedly moot insofar as he sought to preclude the enforcement of the Georgia deadline statute for the November 2016 elections. This Court cannot prevent what has already occurred.

---

[2] Although De La Fuente appeals both the denial of a preliminary injunction and the denial of emergency mandamus relief, we have no jurisdiction to consider an interlocutory appeal from the denial of a request for a writ of mandamus.  See 28 U.S.C. §§ 1291, 1292.  As a result, we dismiss for lack of appellate jurisdiction the portion of De La Fuente's appeal which concerns the denial of mandamus relief.

That being said, De La Fuente's request for a preliminary injunction was not limited to the November 2016 election.[3]  And he stated in an affidavit submitted to the district court that he intends to seek the presidency again in 2020, at which point he will once again be forced to comply with the Georgia deadline statute or face exclusion from the ballot.  So, to the extent that De La Fuente seeks a preliminary injunction as to <u>future</u> presidential elections, his claims are not moot.  Those elections haven't happened yet.

## II.

Because De La Fuente's request for a preliminary injunction against enforcement of the Georgia deadline statute in future presidential elections is not moot, we must consider whether the district court properly denied that portion of his motion on the merits.

We review a district court's decision to deny a preliminary injunction only for an abuse of discretion.  <u>Id.</u>  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact

---

[3] At least, De La Fuente argues on appeal that it was not limited to that election.  His brief in support of his motion for preliminary injunctive and emergency mandamus relief in the district court is not clear on that point.  Because we conclude that De La Fuente would not have been entitled to a preliminary injunction even if his motion were construed to request relief as to later elections, <u>see</u> <u>infra</u> Section II, we assume for the purposes of this appeal that his interpretation of his motion in the district court is the correct one.

that are clearly erroneous." Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co., 828 F.3d 1331, 1333 (11th Cir. 2016) (quotation marks omitted).

"A preliminary injunction is an extraordinary and drastic remedy . . . ." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quotation marks omitted). To obtain one, De La Fuente must establish that "(1) [his claims have] a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to [De La Fuente] outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Id. We agree with the district court's conclusion that De La Fuente failed to demonstrate that he will suffer irreparable harm if a preliminary injunction does not issue, albeit for a different reason than the district court gave.[4]

A district court should not issue a preliminary injunction unless it concludes that the movant will suffer immediate harm if relief is delayed until the case is finally resolved on the merits. Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1133–34 (11th Cir. 2005) ("This Court has previously explained that because the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, the harm considered by the

---

[4] "[W]e can affirm [the district court's decision] on any ground that finds support in the record." Big Top Koolers, Inc. v. Circus-Man Snacks, 528 F.3d 839, 844 (11th Cir. 2008) (quotation marks omitted).

district court is necessarily confined to that which might occur in the interval between ruling on the preliminary injunction and trial on the merits.") (quotation marks and citations omitted); Calagaz v. DeFries, 303 F.2d 588, 589 (5th Cir. 1962) (explaining that a preliminary injunction should not issue unless, among other things, the district court "finds that certain, immediate, and irreparable injury to a substantial interest of the movant will occur if the application is denied and the final decree is in his favor"). Put another way, in order to obtain a preliminary injunction De La Fuente must show that some irreparable harm will occur before the district court can rule on his requests for a permanent injunction and declaratory relief.

De La Fuente has not done so. He challenges the Georgia deadline statute's constitutionality only as it applies to presidential electors.[5] The next presidential election will not occur until November 2020. So the next time Georgia will apply the deadline statute to candidates seeking the presidency of the United States is in the summer of that year. De La Fuente has given us no reason to believe that the district court will be unable to rule on his requests for a permanent injunction and

---

[5] De La Fuente does not say that he is mounting only an "as applied" challenge to the statute, but his arguments focus exclusively on the application of that statute to the submission of slates of presidential electors. We will not assume that he has taken on the greater burden of demonstrating that the statute is unconstitutional in all of its applications. Indeed, as his briefs are silent as to the facial validity of the statute, he has abandoned any facial challenge he may have contemplated. United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011) ("A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate . . . . Where a party fails to abide by this simple requirement, he has waived his right to have the court consider that argument.") (quotation marks omitted).

6

declaratory relief in the next three and a half years.  As a result, he has failed to establish a risk of irreparable injury that would entitle him to a preliminary injunction and we need not consider whether De La Fuente met the other three prerequisites for relief.

### III.

We dismiss for lack of appellate jurisdiction the portion of De La Fuente's appeal concerning the district court's denial of emergency mandamus relief.  We dismiss as moot De La Fuente's appeal as to the district court's denial of preliminary injunctive relief as to the November 2016 election.  And we affirm the district court's denial of a preliminary injunction to block enforcement of the Georgia deadline statute in future presidential elections.

**AFFIRMED IN PART, DISMISSED IN PART.**