[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14588
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81623-RLR


LORETTA PARISH-CARTER,

Plaintiff-Appellant,

versus

ROBERT AVOSSA,
PALM BEACH COUNTY SCHOOL DISTRICT,
CHERYL MCKEEVER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 23, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Loretta Parish-Carter appeals the district court's grant of summary judgment in favor of her employer, Palm Beach County School District, and the former high school principal, Dr. Cheryl McKeever, on her age and race discrimination claims. She also appeals the district court's sanction orders against her attorneys, Malik Leigh and Danielle Renee Watson, and its award of attorney's fees to the defendants.[1]

I.

Parish-Carter began teaching at Palm Beach Lakes High School in 1999. McKeever became the principal of the school in 2014. After a series of negative interactions with McKeever and the school board, Parish-Carter filed this action alleging discrimination, retaliation, and a violation of her due process rights. The district court granted in part the defendants' motion to dismiss and referred the case to a magistrate judge for disposition of all pretrial discovery motions.

Discovery did not go smoothly, as we recently chronicled in a related case brought by another teacher represented by Leigh and Watson that involved many of the same discovery problems that this case did. See Abrams-Jackson v. Avossa, 743 F. App'x 421, 422–23 (11th Cir. 2018) (unpublished). There are two disputes

---

[1] Parish-Carter also sought to challenge various orders by the magistrate judge, but we have already dismissed that part of the appeal for lack of jurisdiction. See Parish-Carter v. Avossa, No. 17-14588-CC (11th Cir. June 11, 2018), ECF No. 32.

that are relevant here:  the magistrate judge's sanction order and the district court's sanction order and award of attorney's fees.

As for the first, the school board cut the deposition of a witness short because of security concerns arising from some of attorney Leigh's social media posts that referenced the parties, witnesses, and attorneys in the case.  Among other things Leigh said that "[tomorrow] I get to depose the MFing Superintendent" and "[a]fter this round [o]f depos in the next 2 weeks, would love to start a shooting campaign."  (Leigh claims that the term "shooting" was made in reference to photography.)  Parish-Carter sought an order from the magistrate judge requiring the depositions to continue, while the defendants sought a protective order directing Leigh to refrain from harassing or threatening the witnesses.  The magistrate judge held a joint hearing with the magistrate judge in the related Abrams-Jackson case and imposed monetary sanctions against Leigh.  The magistrate judge also referred Leigh to the Florida Bar and the Southern District of Florida's Ad Hoc Committee on Attorney Admissions.

The second dispute concerned the filing of a "Joint Pretrial Stipulation," which was filed by defense counsel with Watson's electronic signature attached. Leigh and defense counsel had been working on the stipulation earlier on the day it was filed, and Leigh sent an e-mail to defense counsel and her paralegal with the message "Pre trial Stipulation to sign and file" and a pdf attachment.  The paralegal

thought this meant that Leigh approved the last version of the document that she had sent Leigh, so she added the electronic signatures of Watson and the defense attorney to that version and filed it with the court.  She did not open the attachment Leigh had sent, which actually contained a slightly different version of the stipulation.  Without contacting defense counsel, Leigh filed a motion to strike the stipulation and moved for contempt and sanctions against the attorney for filing "a false pleading which had a forgery of Danielle Watson's electronic signature." Watson also called the United States Marshal's Service, the State Attorney's Office, and the Palm Beach County Sheriff's Office to report what she described as a criminal forgery.

After a flurry of motions by both sides, the district court granted summary judgment to the defendants and then held a hearing on the filing of the stipulation. The court granted the defendants' motion to strike Parish-Carter's contempt motion and found that "Plaintiff's counsel's behavior was completely unfounded and in contravention of all of the tenets of professionalism encapsulated in the Federal and Local Rules."  It also found that "Mr. Leigh and Ms. Watson acted in bad faith" and imposed attorney's fees as a sanction under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and the court's inherent power.  The court then

finalized the amount of the attorney's fees and granted the defendants' motion to tax costs.  Parish-Carter appeals.[2]

## II.

Although Parish-Carter cites the district court's orders imposing sanctions and awarding attorney's fees in her amended notice of appeal, she does not argue in her brief that the district court erred by doing that.  Instead, she recites these events in the facts section of her brief and then argues that the magistrate judge erred by sanctioning Leigh for his social media posts.  But that challenge to the magistrate judge's sanction order has already been dismissed because the district court did not have an opportunity to effectively review the order and render it final.  So Parish-Carter has abandoned her claim that the district court erred by imposing sanctions and awarding attorney's fees based on the stipulation dispute.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Parish-Carter also claims that the district court erred in granting summary judgement because it viewed the facts in the light most favorable to the movant,

---

[2] Parish-Carter filed her initial notice of appeal before the district court finalized its award of attorney's fees.  As we explained in our previous order, that amount was later finalized and the amended notice of appeal was filed from that order.

but she offers no further discussion on that issue and points to no facts that are in dispute.  So that argument, too, is abandoned.  See id.  She has not challenged the grant of summary judgment on any other grounds, so she has waived them as well.  See United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011).  Her statement that because of "word limitations" she could not "reasonably list every deficiency in the district court's reasoning" does not preserve the issues on appeal.  See Kernel Records Oy v. Mosley, 694 F.3d 1294, 1297 n.4 (11th Cir. 2012).

That leaves only one remaining contention, which is that the district court judge and the magistrate judge were biased against Parish-Carter and should have sue sponte recused themselves under 28 U.S.C. § 455(a) and (b)(1) and Canon 3(C)(1)(a) of the Code of Conduct for United States Judges.  Because Parish-Carter did not argue for recusal below, we review only for plain error whether the judges should have sua sponte recused themselves.  See Hamm v. Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983).

Section 455(a) "sets forth a general rule that a judge shall 'disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'"  Id. (quoting 28 U.S.C. § 455(a)).  And § 455(b)(1) states that a judge must disqualify himself when "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  Canon 3(C)(1) tracks the language of both subsections.  See Code of Conduct for United States Judges Canon 3(C)(1)(a) (2014).

"The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources, and must be focused against a party to the proceeding." Hamm, 708 F.2d at 651 (citation omitted).  One exception to that rule arises when "a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party."  Id.; see also Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[E]xcept where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal.").

Parish-Carter argues that the magistrate judge exhibited prejudice when he issued sanctions against Leigh and that he demonstrated racial bias when he ruled that Leigh's social media posts were threatening.  And she argues that the district court judge showed her bias by allowing defense counsel "to file falsified pleadings, admit to filing falsified pleadings, [and] then sanctioning [Leigh] for following the district court's own Orders."  But she has failed to point to any extrajudicial source of bias against her, and the comments and adverse rulings she does invoke do not demonstrate "pervasive bias."  See Hamm, 708 F.2d at 651 ("Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias.").  As a result, she has not demonstrated that the magistrate judge and the district court judge plainly erred by not sua sponte recusing themselves.

**AFFIRMED.**

7