[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10311
Non-Argument Calendar
_____

D.C. Docket No. 7:19-cr-00257-ACA-SGC


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

MONTEZ VANTARUS SPRADLEY,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 5, 2020)

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Montez Vantarus Spradley pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), after the police found a gun in his girlfriend's apartment. He now appeals his conviction, arguing that the district court erred by denying his motion to suppress. Because Spradley failed to specifically object to the magistrate judge's report and recommendation on his motion, he has waived his right to appeal the district court's denial. Accordingly, we affirm.

## I.

Tuscaloosa Police Department officers responded to a 911 call that Spradley had struck his girlfriend, A.C., with a handgun. A.C. answered the door at her apartment—her head bleeding from a gash at her hairline. She told the officers that Spradley was in the back bedroom.

Some officers entered the apartment and brought Spradley to the living room while others spoke with A.C. in the breezeway outside the apartment. Body camera footage showed A.C. telling the officers that Spradley hit her on the head with a gun. When the officers asked where the gun was, A.C. repeated several times that the gun was in the bedroom closet, gesturing toward the bedroom.

The officers searched the closet but found nothing. One then returned to A.C. and explicitly asked for consent to search the bedroom. A.C. responded, "In my room? Yeah. It is in the closet." The officers searched again and found the gun.

During this time, Spradley remained in the living room and never objected to the searches. After his arrest, Spradley admitted in recorded jail calls that the gun

2

was his.  Since Spradley had multiple felony convictions, he was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Spradley filed a motion to suppress, arguing that the entry and search of the apartment violated his Fourth Amendment rights.  The magistrate judge held a hearing and then recommended that the district court deny the motion.  Based on the evidence, the magistrate judge concluded in her report and recommendation (R&R) that the officers had A.C.'s implied consent for the first search of the bedroom closet and that, even without implied consent, A.C.'s "express verbal consent to the second search satisfies the requirements of the Fourth Amendment." She also found A.C.'s verbal consent was "voluntary and untainted."

At the end of the R&R, the magistrate judge informed Spradley that he "may file specific written objections" to her findings within 14 days.  But she warned that failure "to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order."

Twelve days later, the district court—in error—adopted the R&R and denied the motion to suppress.  Spradley filed his objection two days later, noting that the district court mistakenly adopted the R&R early.  But Spradley's only "objection" to the R&R was to state: "The Defendant is filing said objection at this time asking the Court to review the Denial of the Motion to Suppress."

The district court immediately vacated its previous order adopting the R&R. Four days later, it again adopted the R&R, noting that "Spradley generally objects

3

to the magistrate judge's report and recommendation" but "does not specifically challenge any factual or legal conclusions." Still, the district court "carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation," and agreed with the magistrate judge's analysis.

Spradley pleaded guilty without the benefit of a plea agreement and the district court sentenced him to 235 months of imprisonment. This appeal followed.

II.

Within 14 days of being served with a magistrate judge's report and recommendation, Rule 59 of the Federal Rules of Criminal Procedure allows either party to file "*specific* written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2) (emphasis added). The rule warns that "[f]ailure to object in accordance with this rule waives a party's right to review." *Id*.

We have previously declined to review any finding in an R&R that the defendant has not specifically identified and challenged before the district court. *See, e.g.*, *United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding that because the defendant did not object to specific portions of the R&R, he waived his right to appeal the district court's rulings on those issues). Still, even without "proper objection," we "may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

There is no question here that Spradley failed to file specific objections to the magistrate judge's R&R. His filing cited none of the magistrate judge's findings of fact, nor any of her legal conclusions. Instead, he asserted a

4

generalized objection to the R&R and asked the district court to review the magistrate judge's findings.  Because he failed to specifically object in accordance with Rule 59(b), he waived his right to review.  *See Perkins*, 787 F.3d at 1343; *cf. United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (pre-Rule 59 case finding defendant's "one-sentence reassertion of his motion, without any reference to the magistrate judge's order or its findings, was insufficient to convey to the district court the substance of any objection he may have had to the magistrate judge's order").

Though we may still review the motion for plain error, Spradley does not argue that review is "necessary in the interests of justice."  *See* 11th Cir. R. 3-1.  Indeed, his initial brief—the only brief he submitted—never acknowledges the magistrate judge's R&R, much less argues that we should review his case despite his failure to specifically object to the magistrate judge's findings.  We will not consider an argument that Spradley has so obviously abandoned.  *United States v. Willis*, 649 F.3d 1248, 1254 (11th Cir. 2011).

**AFFIRMED.**

5