[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13316
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00016-JA-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE LEE WRIGHT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 7, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Charlie Wright, Jr. was convicted of one count of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and was sentenced to 211 months' imprisonment. He challenges both his conviction and sentence, arguing that the district court erred by, *first*, denying his motion to suppress and, *second*, not applying a two-level reduction at sentencing for acceptance of responsibility. Both arguments fail.

To begin, Wright has waived any objection to the denial of his motion to suppress. His motion was heard by a magistrate judge, who held a hearing and issued a thorough report and recommendation (R&R) explaining why no Fourth Amendment violation led to the discovery of Wright's firearms. The R&R also included a warning, informing the parties that they had 14 days to file written objections to the R&R's factual findings and legal conclusions or else they would waive their "right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation." This notice aligned with Rule 59 of the Federal Rules of Criminal Procedure, which allows either party to file "specific written objections to the proposed findings and recommendations" within 14 days of being served with the magistrate judge's R&R. Fed. R. Crim. P. 59(b)(2). That rule and our own local rule warn that "[f]ailure to object in accordance with this rule waives a party's right to review." *Id.*; *see also* 11th Cir. R. 3-1.

2

Despite this warning, Wright never objected.  So 17 days after the magistrate judge issued the R&R, the district court adopted the magistrate judge's findings and denied the motion to suppress.  Wright has therefore waived his challenge to the district court's order.  *See United States v. Holt*, 777 F.3d 1234, 1257–58 (11th Cir. 2015).  Though our local rules still allow us to review unobjected-to R&R findings for plain error if it is "necessary in the interests of justice," we decline to do so here.  *See* 11th Cir. R. 3-1.  Wright never asked for plain error review in his briefing or argued that such review would be in the "interests of justice," so we will not consider this abandoned argument.  *United States v. Willis*, 649 F.3d 1248, 1254 (11th Cir. 2011).

Wright's challenge to his sentence does not fare much better.  He asks for a reversal and remand because, he argues, he was entitled to a two-point reduction of his offense level based on his acceptance of responsibility.  We review a district court's "determination of a defendant's acceptance of responsibility for clear error," giving "great deference" to the district court's decision because of its "unique position to evaluate a defendant's acceptance of responsibility."  *United States v. Andres*, 960 F.3d 1310, 1318 (11th Cir. 2020) (quotation omitted).

Given the unique procedural circumstances of his trial and conviction, deciding whether Wright accepted responsibility was undoubtedly difficult.  But it is not a decision we need to second-guess on appeal.  We do not need to review a

sentencing issue if (1) the district court "states it would have imposed the same sentence, even absent an alleged error," and (2) the "sentence is substantively reasonable." *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020).

Here the district court overruled Wright's objection to the sentencing guideline calculation. But after imposing the sentence, the judge explained that "this sentence would be the same regardless of whether" he considered Wright's acceptance of responsibility. Wright also does not contend that his sentence was substantively unreasonable under § 3553(a).[1] *See United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006) ("the burden is on the defendant to prove that his sentence is unreasonable in light of the record and § 3553(a)"). So even if the district court should have included the acceptance of responsibility reduction when calculating Wright's guideline range, this error was harmless.

**AFFIRMED.**

---

[1] Even if he did, the district court reasonably applied the § 3553(a) factors and determined that Wright's sentence was "sufficient but not greater than necessary," particularly based on his "abysmal" criminal record.

4