[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13270
Non-Argument Calendar
_____

D.C. Docket Nos.  4:11-cv-00167-BAE-GRS
4:07-cr-00308-BAE-GRS-1

DONALD FLOYD BROWN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
(August 9, 2013)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Donald Floyd Brown appeals the denial of his pro se motion to vacate, set

aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255.  By way of

background, Brown was convicted of, inter alia, attempted robbery of a credit

union, in violation of 18 U.S.C. §§ 2113(a) and 2, and possession of an unregistered short barreled shotgun, in violation of 26 U.S.C. §§ 5861(d), 5841, and 18 U.S.C. § 2. The indictment charged, inter alia, that Brown "did knowingly and willfully attempt to take, by force and violence and by intimidation, property and money belonging to and in the care" of a credit union. The evidence at trial showed that Brown and his codefendant arrived at a credit union with the intention of robbing it, but they were arrested prior to entering the building. In its jury instructions, the district court said that, to be convicted of attempted credit union robbery, Brown had to knowingly and willfully intend to commit the substantive crime of credit union robbery -- which required that Brown take property from a credit union "by means of force or violence or intimidation" -- and to take a substantial step towards the commission of the crime. On direct appeal, Brown argued that a conviction for attempted credit union robbery required the government to establish that the defendant had used actual force and violence or intimidation, rather than just an attempt to engage in an act of intimidation. Reviewing the issue for plain error since Brown's counsel had not preserved the objection at trial, we rejected the claim because there was a circuit split and no controlling precedent from us or the Supreme Court.

Brown thereafter moved the district court for relief under 28 U.S.C. § 2255, which the district court denied in its entirety, concluding on the relevant ineffective

2

assistance of counsel claims that an attorney could not be ineffective for failing to argue an issue for which there was no controlling authority. Nevertheless, the district court issued a certificate of appealability ("COA") for these two issues:

> [W]hether Brown's trial lawyer provided ineffective assistance of counsel . . . by failing to argue before the district court that the Government needed to prove, beyond a reasonable doubt, that Brown used actual force, violence, or intimidation during an attempted bank robbery, thus causing his appellate lawyer to lose an otherwise valid claim on appeal; and

> [W]hether Brown's trial lawyer provided [ineffective assistance of counsel] by failing to object to jury instructions that, Brown claims, amended the indictment by allowing the jury to convict Brown of an attempted bank robbery without finding that he used actual force, violence, or intimidation.

On appeal, Brown raises these issues, and also argues that the district court erred in concluding that his counsel was not ineffective for failing to argue that a § 5861(d) conviction required the government to prove that he knew the characteristics of the firearm that brought it within the statute's scope.[1] After careful review, we affirm.

In a § 2255 appeal, we review legal conclusions de novo and factual findings for clear error. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008). We review de novo both prongs of the ineffective assistance of counsel test set out in Strickland v. Washington, 466 U.S. 668 (1984). Dell v. United States, 710 F.3d 1267, 1272 (11th Cir. 2013). An issue not briefed on appeal is considered abandoned. United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011).

---

[1] By separate order, we have construed this third argument as a motion to expand the COA, and denied the motion. To the extent he raises it now, we decline to address it since it is outside the scope of the COA. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

To make a successful claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Courts need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Under the first prong, the defendant must establish that counsel's performance was deficient by demonstrating that counsel's performance was unreasonable under prevailing professional norms. Id. at 688. Under the second prong, the defendant must establish prejudice by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Where the prisoner alleges that counsel failed to preserve an issue for appeal, we have rejected the argument that the inquiry into prejudice is whether the appellate panel would have arrived at a different conclusion on direct appeal. Instead, we've held that the relevant inquiry is whether the objection would have caused the factfinder to have a reasonable doubt about the defendant's guilt. Purvis v. Crosby, 451 F.3d 734, 738-39 (11th Cir. 2006). This holding was due in part to Strickland's requirement that courts determine prejudice based on the outcome of the trial, not the outcome on appeal, when the claimed error occurred at

4

the guilt stage of a trial.  Id. at 739.  We also relied on Jackson v. Herring, 42 F.3d 1350 (11th Cir. 1995), where the trial attorney had remained completely silent while the prosecutor struck all blacks from the jury, and we'd asked if there was a reasonable probability of a different result at trial that was sufficient to undermine our confidence in the outcome of the case.  Id. at 1361-62.[2]

First, we find unavailing Brown's claim that his counsel was ineffective for failing to argue that the government needed to prove that he engaged in force and violence or intimidation to convict him under § 2113(a).  That section criminalizes

> [w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any . . . credit union.

18 U.S.C. § 2113(a).  Neither this Court nor the Supreme Court has decided if attempted robbery under § 2113(a) requires proof of force and violence or intimidation, rather than just an attempt to engage in an act of intimidation.

Here, the district court did not err by denying Brown's claim of ineffective assistance because Brown did not establish Strickland prejudice.  For starters, the

---

[2]    In Purvis, we distinguished Davis v. Sec'y, Dep't of Corrs., 341 F.3d 1310 (11th Cir. 2003), where we had determined that the relevant inquiry was whether there was a reasonable likelihood of a more favorable outcome on direct appeal had the claim been preserved.  We pointed out that in Davis, counsel's alleged failures were committed "solely" in the attorney's role as appellate counsel.  Purvis, 451 F.3d at 739.  We said that Davis was an unusual case because, there, counsel had recognized and pressed an issue before the trial court, but had neglected to take a step that was relevant only to the appellate stage of the proceedings.  Id. at 740.  We characterized Davis as a "razor thin exception" to the general rule that prejudice is measured in terms of the impact on the result of the trial, not the appeal.  Id.

relevant inquiry is not whether Brown was prejudiced on direct appeal, but, instead, whether there was a reasonable probability that the factfinder would have had a reasonable doubt about Brown's guilt if his trial counsel had argued this issue before the district court.  See Purvis, 451 F.3d at 739-40.  This case does not fall within the "razor thin exception" created in Davis because, unlike in Davis, where the attorney only failed to perfect an objection after raising it initially, Brown's attorney never raised the issue before the district court.  See id. at 739-40; Davis, 341 F.3d at 1315-16.

As applied here, Brown did not establish Strickland prejudice concerning his guilt because he did not meet his burden of proving that there was a reasonable probability that the district court would have upheld any objection or argument on whether attempted robbery under § 2113(a) requires proof of force and violence or intimidation.  Indeed, there is a lack of controlling authority on the issue, and the majority of circuits that have addressed the issue have not decided the issue in Brown's favor.  While a favorable decision on the issue would likely have precluded the jury from finding him guilty on the § 2113(a) count, as the government did not present any evidence that Brown actually used force and violence or intimidation, Brown's argument amounts to mere speculation that the district court would have resolved the issue favorably to him, and that is insufficient to establish prejudice.  See Strickland, 466 U.S. at 694.

6

We also reject Brown's constructive amendment claim. A constructive amendment of an indictment -- which occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment" --constitutes per se reversible error. United States v. Ward, 486 F.3d 1212, 1226-27 (11th Cir. 2007).

Construing Brown's brief broadly, he argues that his counsel erred by failing to object to jury instructions that did not require the jury to find that he had used actual force and violence or intimidation, which effectively amended the indictment. But the district court did not err by denying this claim for the reasons established in the first claim. As we've already described, there was a lack of controlling authority concerning whether a conviction under § required the jury to find actual force and violence or intimidation, and the majority of circuits that have addressed the issue have not decided the issue in Brown's favor. Thus, even if the indictment were constructively amended by not requiring the jury to find either violence or intimidation, Brown did not establish that he was prejudiced at trial by his attorney's failure to object to this constructive amendment. Accordingly, Brown did not meet his burden of proof to demonstrate that his counsel was ineffective. See Strickland, 466 U.S. at 687.

**AFFIRMED.** [3]

---

[3]    Brown's motion to file a reply brief out of time is GRANTED.

7

MARTIN, Circuit Judge, concurring:

I agree with the majority's conclusion that the District Court's denial of Mr. Brown's § 2255 petition should be affirmed because he has not shown prejudice under Strickland v. Washington, 466 U.S. 688, 694, 104 S. Ct. 2052, 2068 (1984). I write separately to emphasize two points. First, given trial counsel's complete failure to raise the § 2113(a) issue in the District Court, Mr. Brown's case does not implicate Davis v. Sec'y, Dep't of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003) ("[W]hen a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved."). Davis remains binding circuit precedent and may provide the controlling prejudice standard in the appropriate case.

Second, while the Court need not address Strickland's deficient performance prong because Mr. Brown makes an insufficient showing as to prejudice, see Strickland, 466 U.S. at 697, 104 S. Ct. at 2069, it bears repeating that "the mere absence of [controlling circuit] authority does not automatically insulate counsel's failure to object" from being deemed deficient. Gallo-Chamorro v. United States, 233 F.3d 1298, 1304 (11th Cir. 2000). Since I agree with the majority's

8

conclusion that Mr. Brown was not prejudiced by his counsel's failure to raise the

§ 2113(a) issue, I express no opinion about counsel's performance.