[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15205
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81624-KAM


RAQUEL ABRAMS-JACKSON,

Plaintiff-Appellant,

versus

ROBERT AVOSSA,
PALM BEACH COUNTY SCHOOL BOARD,
CHERYL MCKEEVER,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 27, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Raquel Abrams-Jackson appeals the district court's grant of summary judgment in favor of her employer, Palm Beach County School Board, and former high school principal, Dr. Cheryl McKeever. She also appeals multiple orders issued by the magistrate judge, including orders imposing sanctions against her attorney, Malik Leigh.

I.

Abrams-Jackson was hired by the school board in August 2010 and began teaching at Palm Beach Lakes High School in October 2014. After a series of negative interactions with Dr. McKeever and the school board, she filed this action alleging discrimination, retaliation, and violation of her due process and First Amendment rights.[1] The district court referred the case to a magistrate judge for disposition of all pretrial discovery motions.

Discovery disputes began when Abrams-Jackson noticed a deposition of school board member Marcia Andrews. The defendants moved for a protective order to preclude the deposition because Andrews swore to having "no personal knowledge about the individual facts of this case." Abrams-Jackson moved to compel the deposition. After a hearing, the magistrate judge granted in part the protective order, denied in part the motion to compel, and scheduled an additional hearing for June 5, 2017, to address the issue of Andrews' deposition.

---

[1] The district court previously dismissed school superintendent Dr. Robert Avossa and a number of counts from the case.

Plaintiff's counsel Malik Leigh then made a series of social media posts referencing the parties, witnesses, and attorneys in the case.  Among other things, Leigh stated that he would be:

> [d]eposing Cheryl McKeever . . . get to ask her about all that [b]ullshit about my so-called wholly inappropriate exam . . . .  Darron Davis about his lying ass . . . .  Robert Avossa about lying on TV about me and other stuff. . . .  And Marcia Andrews.  [Y]up.  [T]hey are trying hard not to let me depose her.  Her amazing affidavit detailing how the district retaliate[d] on people is the gift that keeps on giving.

He also said that "[tomorrow] I get to depose the MFing Superintendent" and "[a]fter this round [o]f depos in the next 2 weeks, would love to start a shooting campaign."[2]

After seeing those posts, the defendants moved to suspend and reschedule depositions and requested a protective order directing Leigh to "refrain from harassing, threatening, and oppressive conduct toward parties and/or witnesses." Abrams-Jackson moved to extend the discovery deadline and compel depositions. The magistrate judge added those motions to the June 5, 2017 hearing.

After the hearing, the magistrate judge found that Leigh's social media posts were "prejudicial to the administration of justice," and "unnecessarily complicated, delayed, and interfered with the discovery process."  He also found that Leigh violated the Florida Bar and Local Rules when he "knowingly, or through callous

---

[2] Leigh claimed that the term "shooting" was made in reference to photography.  But in a later filing, he also admitted that he "ABSOLUTELY agrees . . . that many of [his] social media posts are against the rules."

indifference, disparaged, humiliated and discriminated against litigants, witnesses, and attorneys." He then granted the protective order and imposed sanctions against Leigh in the form of attorney's fees for defendants' counsel.[3]

Abrams-Jackson moved to alter or amend the judgment under Rule 59(e), requesting that the court reconsider its order awarding attorney's fees. In that motion, she also argued that the defendants "violated the Good Faith requirement for mediation by not participating or being open to any discussions" and attached the defendants' confidential mediation statement. The defendants opposed the motion for reconsideration and argued that Leigh and his co-counsel violated the Local Rules by attaching the mediation statement.

The magistrate judge construed the motion to alter or amend as a motion for reconsideration and denied it. He also found that Leigh and his co-counsel violated the Local Rules and Florida law by filing the mediation statement, granted in part the defendants' motion to strike the statement, and imposed additional sanctions against Leigh and his co-counsel in the form of attorney's fees and costs for defendants' counsel.

Less than a week later, the district court granted the defendants' motion for summary judgment on all of Abrams-Jackson's remaining claims. This is her appeal. She contends that the magistrate judge abused his discretion by granting a

---

[3] The magistrate judge also referred Leigh to the Florida Bar and to the Southern District of Florida Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance.

protective order for Andrews and imposing sanctions against Leigh. She also contends that the district court erred by granting summary judgment because the magistrate judge and district court judge were prejudiced against her and should have sua sponte recused themselves.

## II.

We review for abuse of discretion the district court's decision to issue sanctions. Schwartz v. Million Air Inc., 341 F.3d 1220, 1225 (11th Cir. 2003). Because Abrams-Jackson did not argue for recusal below, we review for plain error whether either judge should have sua sponte recused himself. See Hamm v. Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983).

## A.

Abrams-Jackson argues that the magistrate judge abused his discretion by granting a protective order for Andrews and issuing sanctions against Leigh. But she waived those arguments when she failed to timely object to them in the district court. The protective order and orders for sanctions were pretrial matters. See 28 U.S.C. § 636(b)(1)(A) (Apart from the listed exceptions, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court."). A party has fourteen days after being served with a magistrate judge's pretrial order to object to it, and if she timely objects "[t]he district judge in the case must consider [the] objections and modify or set aside any part of the order

5

that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

Abrams-Jackson did not challenge the magistrate judge's pretrial orders granting the protective order and sanctions.  That means those rulings were never rendered final by the district court and may not be appealed.  Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1286 (11th Cir. 2003) ("Because [appellant] failed to timely challenge the magistrate's non-dispositive orders before the district court, [he] waived his right to appeal those matters here."); Donovan v. Sarasota Concrete Co., 693 F.2d 1061, 1066–67 (11th Cir. 1982) ("Decisions by a magistrate pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court.").[4]

## B.

Abrams-Jackson also argues that the magistrate judge and district court judge were biased against her and Leigh and should have sua sponte recused themselves under 28 U.S.C. § 455(a) and (b)(1) and Canon 3(C)(1)(a) of the Code of Conduct for United States Judges.  Section 455(a) "sets forth a general rule that a judge shall disqualify himself in any proceeding in which his impartiality might

---

[4] Even if Abrams-Jackson's Rule 59(e) motion was an objection to the first order imposing sanctions, that motion was not filed with or ruled on by the district court.  See Smith v. Sch. Bd., 487 F.3d 1361, 1365 (11th Cir. 2007) ("[W]here a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those order in this Court.") (emphasis added).

6

reasonably be questioned."  Hamm, 708 F.2d at 651 (quotation marks omitted).

And section 455(b)(1) states that a judge must disqualify himself when "he has a

personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  Canon

3(C)(1)(a) tracks the language of both sections.  See Code of Conduct for United

States Judges Canon 3(C)(1)(a) (2014).

"The general rule is that bias sufficient to disqualify a judge must stem from

extrajudicial sources, and must be focused against a party to the proceeding."

Hamm, 708 F.2d at 651 (citations omitted).  One exception to that rule arises when

"a judge's remarks in a judicial context demonstrate such pervasive bias and

prejudice that it constitutes bias against a party."  Id.; see also Bolin v. Story, 225

F.3d 1234, 1239 (11th Cir. 2000) ("[E]xcept where pervasive bias is shown, a

judge's rulings in the same or a related case are not a sufficient basis for recusal.").

Abrams-Jackson has not pointed to any extrajudicial source of bias against

her,[5] nor has she shown that "pervasive bias" infused her proceedings.  She argues

that the magistrate judge exhibited prejudice when he granted Andrews' protective

order and issued sanctions against Leigh.  She also argues that the magistrate judge

showed bias when he described Leigh as a "'self-described' law teacher," ruled

that Leigh's social media posts were threatening, and found that the purpose of

Andrews' deposition was to harass the witness.  Those comments and adverse

---

[5] We are unpersuaded by Abrams-Jackson's conclusory and unsupported allegation that the magistrate judge's rulings are based on racism.

7

rulings do not demonstrate "pervasive bias." See Hamm, 708 F.2d at 651 ("Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias.").

As for the district court judge, Abrams-Jackson has not pointed to any prejudicial conduct by the district court judge, so she has abandoned her claim that he should have sua sponte recused himself.[6] See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

**AFFIRMED.**

---

[6] Abrams-Jackson also argues that the district court erred because it viewed the facts in the light most favorable to the moving party, but she offers no further discussion on that issue and points to no facts that are in dispute, so that argument is abandoned. See Sapuppo, 739 F.3d at 681. She has not challenged the grant of summary judgment on any other grounds, so any remaining arguments are waived. See United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011). Her statement that because of "word limitations" she could not "reasonably list every deficiency in the district court's reasoning," does not preserve issues on appeal. See Kernel Records Oy v. Mosely, 694 F.3d 1294, 1297 n.4 (11th Cir. 2012). And although she discusses her First Amendment claim in her reply brief, "arguments raised for the first time in a reply brief are not properly before a reviewing court." United States v. Evans, 473 F.3d 1115, 1120 (11th Cir. 2006) (quotation marks omitted).